THE MAYOR, RECORDER, ALDERMEN AND FREEMEN OF
THE CITY OF DETROIT *v.* CHARLES JACKSON, NOAH
SUTTON, SHUBAEL CONANT, ABRAM C. CANIFF AND
DE GARMO JONES.

Error cannot be assigned, in the decision, by the Court below, of a motion, founded upon affidavits, to vacate a judgment; such motion being addressed merely to the sound discretion of the Court.

Where the execution by one of the parties, of an agreement, under the statute (R. S. 531,) to submit matters in difference to arbitration, appears to be by an agent, the certificate of the officer taking the acknowledgement of the agreement, that such party appeared before him, by such agent for that purpose duly appointed and acknowledged the same, is sufficient evidence of the execution of the agreement, and of the authority of the agent, to authorize the arbitrators to hear and determine the matters submitted to them, and the Circuit Court to render judgment upon their award.

A corporation may appoint an agent by parol.

The authority of an agent of a corporation, may be inferred from the adoption or recognition of his acts by the corporation; and the acts so recognized or adopted will bind the corporation.

The award of arbitrators, under the statute, is an official act, and is itself the evidence and authority, upon which the Circuit Court may render judgment.

A judgment, rendered upon an award, pursuant to the statute, (R. S. 532,) will not be reversed on error, on the ground that it does not appear that an agent, who executed the agreement for submission on behalf of one of the parties, had authority so to do, where the award recites, that such party was duly notified of the hearing before the arbitrators, and appeared, and was heard with his witnesses and counsel, and where, being deemed in Court by the statute, (R. S. 532, § 10,) he allowed the judgment to be entered on the award, without objection on the ground of such agent's want of authority; but the Court will infer from these facts a recognition and adoption, by the party, of the act of his agent, in executing the submission, even where such party is a corporation.

Where it distinctly appears in the body of a parol agreement, signed by an agent in his own name, without the addition of the name of his principal, that the principal is the contracting party, the agreement will be construed to be that of the principal, and not of the agent.

City of Detroit *v.* Jackson.

It seems, that the rule, that an attorney or agent, to bind his principal, must sign the name of the principal, applies only to deeds, and not to simple contracts.

An agreement, under the statute, (R. S. 531,) to submit matters in difference to arbitration, need not be under seal.

A judgment, rendered in favor of A. and B., against C., upon the award of arbitrators, on filing the same pursuant to the statute, (R. S. 532, § 9,) will not be reversed on error, on the ground that B. had no claim against C., he having joined with A. in executing the submission to arbitration, of all matters arising out of a contract between A. and C., for the faithful performance of which contract by A., he was recited in the submission, to be bound to A. by a separate instrument, and the award having been made in favor of both A. and B.

In error, on certiorari from Wayne Circuit Court. The record returned by the Court below, set forth an agreement between the parties to this cause, to submit certain matters in difference between them to arbitration, the award of the arbitrators, and a judgment thereupon rendered in the Court below; all of which were in pursuance of Ch. 7, Title 4, Part 3 of the Revised Statutes.

The agreement to submit to arbitration was, in part, as follows:

" Know all men by these presents, that the Mayor, Recorder, Aldermen and Freemen of the City of Detroit, *by Zina Pitcher, Mayor of said city, and agent for that purpose duly appointed*, and Charles Jackson, Noah Sutton, De Garmo Jones, Shubael Conant and Abram C. Caniff, have agreed to submit the final settlement of all matters and things arising from, or growing out of, the contract between the said Mayor, Recorder, Aldermen and Freemen of the city of Detroit, of the one part, and the said Charles Jackson and Noah Sutton, of the other part, dated March 31, 1840, relative to the new Hydraulic Works of the city of Detroit, according to the said contract and specifications therewith connected, (for the faithful performance of which in all its parts, the said *De Garmo Jones, Shubael Conant and Abram C. Caniff are sure-*

*ties* for the said Jackson and Sutton, by bond bearing even date with the said contract,") &c. &c. [setting forth particularly the matters submitted,] " to the determination of Levi Cook, Reynolds Gillett and Thomas Palmer, of," &c. " the award of whom, or a greater part of whom, being made and reported, within three months from this day, to the Circuit Court for the county of Wayne, the judgment thereon shall be final; and if either of the parties shall neglect to appear before the arbitrators after due notice given to them of the time and place appointed for hearing the parties, the arbitrators may proceed in his or their absence.

" Dated at Detroit, this 11th day of March, A. D. 1842."

(Signed,) " Charles Jackson, Noah Sutton, *Zina Pitcher*, *Mayor of Detroit*, Shubael Conant, D. G. Jones, and A. C. Caniff."

The certificate of the acknowledgement of this agreement, before a justice of the peace, was in the form prescribed by the statute, and set forth that, " The said Mayor, Recorder, Aldermen and Freemen of the city of Detroit, *by Zina Pitcher, Mayor of said city, and agent for that purpose duly appointed,*" appeared and acknowledged the same.

The award recited the agreement for submission, that due notice was given to the parties of the time and place of hearing, and that the parties were present, and heard with their witnesses, and by their respective counsel.

The judgment upon the award was in favor of the defendants in error, and against the plaintiffs in error, was rendered May 25, 1842, and was for the sum of $2,204.00, (the amount awarded by the arbitrators,) and costs.

Sundry affidavits, in reference to the submission, the award, and the proceedings before the arbitrators, which were used in the Court below, on the hearing of a motion

City of Detroit *v.* Jackson.

there made by the plaintiffs in error, to vacate the judgment, were also returned into this Court with the record.

The errors assigned were—

1. The submission to arbitration was not duly executed by the plaintiffs in error.

2. The submission embraced matters not authorized by the common council of the city of Detroit.

3. The award is erroneous in being made in favor of Jackson and Sutton *and their sureties.*

4. It is erroneous in that it awarded for certain extra work mentioned.

The grounds upon which the *second* and *fourth* errors assigned, were based, appeared only in the affidavits above mentioned.

*O'Flynn & Witherell,* for plaintiffs in error.

*H. T. Backus,* for defendants in error.

FELCH, J. delivered the opinion of the Court.

The statute, R. S. 531, Ch. 7, provides, that all controversies, which might be the subject of an action at law, or of a suit in equity, may be submitted to the decision of one or more arbitrators, to be appointed by agreement between the parties, in the form, and executed in the manner prescribed. It further provides, that the award of the arbitrators so appointed, being made and reported to the Court designated in the submission, may be accepted or rejected by the Court, for any legal and sufficient reason, or may be recommitted to the same arbitrators, for a rehearing by them ; and that when an award is accepted and confirmed, judgment shall be rendered thereon, in the same manner as upon a like award made by referees appointed by a rule of Court, and execution shall issue thereon accordingly.  R. S. 532, § 9.

The award is in fact the foundation of the judgment,

and the power of the arbitrators to make the award, depends upon the submission of the parties. The papers filed in the Circuit Court, upon which the judgment in this case was rendered, were the award, and the submission of the parties which accompanied the same. The certiorari in this case, brings before us only the record, and presents the single inquiry, whether the submission and the award are sufficient, upon their face, to give evidence of jurisdiction, and to authorize the Circuit Court to render judgment against the plaintiffs in error.

It is proper here to remark, that sundry affidavits have been returned with the record in this case, in reference to the submission, the award, and the proceedings before the arbitrators, which were used in the Circuit Court, on the hearing of a motion there made by the plaintiffs in error, to set aside the judgment. It was unquestionably in the power of that Court to have vacated the judgment, and to have recommitted the award to the arbitrators. But the motion was addressed to the sound discretion of the Court, like an application to set aside a verdict, and for a new trial; and the refusal of the Court to grant it, cannot be here assigned as error; nor can any matters contained in the affidavits, authorize this Court to reverse the judgment below. Our attention must be confined to the record, and must be directed to the simple inquiry, whether the judgment appears to have been regularly rendered upon the submission and award filed as the foundation thereof.

We shall consider the several objections to the regularity of the judgment, raised by the plaintiffs in error.

1. It is contended that the authority of Zina Pitcher to execute the submission on behalf of the plaintiffs in error, should have appeared from the record. The statute above mentioned, (R. S. 531, § 2,) provides for the execution of the submission by the parties in person, or by their lawful

agents or attorneys. They are required to appear before a justice of the peace, and acknowledge the submission in the form given in the statute. In this case, the certificate of the justice shows that the plaintiffs in error appeared "*by Zina Pitcher, Mayor of the said city, and agent for that purpose duly appointed*," and acknowledged the submission. The jurisdiction of the Court must, of course, depend upon the voluntary submission of the parties; and one purporting to act as an agent, must have due authority so to act, in order to bind his principal. But in all cases of jurisdiction, the law establishes certain proceedings as prerequisites, and fixes the evidence of such proceedings. In suits commenced by summons, the official return of the Sheriff, showing personal service, is sufficient to give the Court jurisdiction; and so it is where the return is made by his deputy. In neither of these cases, would the record of the judgment contain any evidence of the genuineness of the signature of the officer to the return; nor would it show, in the latter case, that the deputy had authority to act for his principal. In the case of arbitration under the statute, the evidence of the submission, which gives authority to the arbitrators to hear and determine the matters submitted to them, and to make and return to the Circuit Court an award upon which judgment may be there rendered, is the official certificate of the justice taking the acknowledgement. When it appears by that certificate, that the party appeared, and that the appearance was by an agent duly authorized for that purpose— the statute having permitted an appearance in this manner—I think the necessary inference is, that the agent was duly authorized. It would be competent to produce the authority of the agent before the justice taking the acknowledgement, as the foundation of the certificate that the principal appeared by his agent; and I am aware of no rule, which would require him to annex to his certifi-

cate, the proof of such authority. We are to consider this certificate as true; and if so, it was clearly sufficient to authorize the Circuit Court to take cognizance of the case, and to render judgment on the award.

If, in fact, the submission in this case had been made by Zina Pitcher, as agent, without authority from the plaintiffs in error, it would have been competent for them to have availed themselves of such want of authority, by assigning it as an error in fact; but this they have not done.

There is another reason why this judgment should not be reversed, on the ground that the record does not show that the agent, who executed the submission, had authority to do so. The record itself shows, that the plaintiffs in error ratified the act of their agent in executing the submission. The award made by the arbitrators according to the statute, is an official act, and is itself made the evidence and the authority upon which the Circuit Court may proceed to render judgment. The award in this case shows, not merely that the plaintiffs in error entered into the submission, but that they were duly notified of the hearing before the arbitrators, and were present, and heard with their witnesses and their counsel. The statute, (R. S. 532, § 10,) provides, that the parties shall attend at every term of the Court, in which, by the terms of the submission, judgment may be entered on the award, within the time limited by the submission for filing the award, without any express notice for that purpose, in like manner as if an action for the same cause were pending between them in the same Court. The plaintiffs in error, having actually appeared before the arbitrators, pursuant to a submission which purported to have been entered into by them, and being, also, by the statute, considered in Court, on the filing the award and the entry of judgment thereon, must be deemed to have waived any objection which might have existed, to the authority of the

agent to enter into the submission. Whether the agent had authority or not, was merely a question of fact, wherever raised, and one which should have been settled by evidence adduced by the parties. If the plaintiffs in error saw fit to appear and contest the claim throughout, on its merits, or, being duly in Court, did not there raise any objection to the authority of the agent who entered into the submission, they must be deemed to have acquiesced in that authority, and cannot here claim a reversal of the judgment, on the ground, merely, that the letter of attorney is not found among the papers.

The general rule is, that an agent may be appointed by parol; and a subsequent recognition of his acts is usually sufficient to bind the principal. It seems to have been formerly supposed, that the agent of a corporation must be appointed by an instrument under the seal of the corporation. Such, however, is not now the doctrine, either in England, or in this country. *Bank of United States* v. *Dandridge*, 12 Wheat. R. 64 ; *Yarborough* v. *The Bank of England*, 16 East. R. 6 ; *Roe* v. *Dean, &c. of Rochester*, 2 Camp. R. 96 ; 2 Kent's Com. 613. And, in Story on Agency, § 52, it is said, that as the appointment of an agent of a corporation, may not always be evidenced by the written vote of the trustees, directors, or other functionaries of such corporation, it is now the settled doctrine, at least in America, that it may be inferred and implied from the adoption or recognition of the acts of the agent by such functionaries, or by the corporation. In *Milliken et al.* v. *Coombs et al.* 1 Greenl. R. 343, an arbitration bond was executed by Wheaton, as agent of the defendants, but in fact without proper authority. The defendants, however, subsequently recognized the authority by giving a power of attorney, ante-dated, and this was held to make the submission binding upon them. In delivering their opinion, the Court also advert to the fact,

that the defendants were present at the hearing before the arbitrators, managing and conducting the business, and making no objection to Wheaton's want of authority to enter into the submission.

There can be no more reason in requiring the record to show the power of attorney under which the agent acted, than there would be in requiring it also, if such authority appeared, to show the proof of its due execution, and in the case of a corporation like the plaintiffs in error, to show the organization and vote of the common council.

2. It is contended that, admitting the authority of Zina Pitcher to enter into the submission on behalf of the plaintiffs in error, he has not so executed the agreement for submission, as to bind his principals. " *The Mayor, Recorder, Aldermen and Freemen of the city of Detroit, by Zina Pitcher, Mayor of said city, and agent for that purpose duly appointed,*" is the description of the contracting party in the body of the agreement; and the justice's certificate of its acknowledgement, describes the party appearing before him, in precisely the same words. But the agreement is signed " *Zina Pitcher, Mayor of Detroit,*" without any other addition; and it is contended that a disclosure of the agency should have been made by an addition to the signature, as well as by description in the body of the instrument.

It is perfectly competent for an agent, who has due authority to contract on behalf of his principal, so to execute an instrument, as to make himself personally responsible for his principal. Thus, in *Stone* v. *Wood*, 7 Cow. R. 453, the defendant described himself in the charter party on which the suit was brought, as agent for J. & R. Raymond, but in fact agreed for himself, his executors and administrators, to pay the freight therein mentioned, and was held to be bound personally. In *Spencer* v. *Field*, 10 Wend. 87, the contract was made between the defendant

and "James Hillhouse, Commissioner of the school fund for the state of Connecticut, for and in behalf of said state," was under seal, and was signed "James Hillhouse, commissioner of the school fund." It was held that it was not the contract of the state. In *Pentz* v. *Stanton*, 10 Wend. R. 271, the plaintiff declared on a bill of exchange, drawn by, and signed "H. T. West, agent." The suit was against the principal, who was held not to be bound, his name not appearing on the bill. *Taft* v. *Brewster and others*, was upon a bond, in which the defendants, by the name and description of "Jacob Brewster, Thaddeus Loomis and Joseph Coats, trustees of the Baptist society of the town of Richfield, acknowledged themselves to be held and firmly bound," &c. The same description was added to their signatures. It was held to be their individual bond, and not that of the Baptist society. See also 13 John. R. 307. 4 Mass. R. 595.

In these and numerous other cases of the same class, the Court have simply looked to the form of the instrument itself, in order to ascertain whether it is the contract of the principal, or of the agent personally. If, by the terms of the agreement, a party describing himself as agent, undertakes to do certain things, the mere addition of the word agent, or indeed any other designation which he may add to his name, will not make it the contract of his principal. Such addition will be regarded as mere description; and will not have the effect of binding a third person, who is not, in form, made a party to the instrument. It is not enough that the person executing an instrument have power as agent to bind a third person; he must, in fact, make it the obligation of that person in terms, in order to bind him.

But in determining whether an instrument, executed by an agent, contains the obligation of the principal, we are to look to *the whole instrument*. The particular form of exe-

cution is not material, if it be substantially done in the name of the principal. *Magie* v. *Hinsdale*, 6 Conn. R. 464; *Pentz* v. *Stanton*, 10 Wend. R. 275. In this case, the plaintiffs in error are fully described in the body of the agreement for submission, as the contracting party. The submission is directly asserted to be theirs; the name of the agent is given, as the instrument, through whom the act is done. The agent does not purport to act for, or in any manner to bind himself, personally. On the contrary, the body of the instrument fully shows, that he is the mere agent, and that the submission is the submission of the plaintiffs in error. It is in the precise form given in *Spencer* v. *Field*, 10 Wend. R. 87, as the proper form of drawing an instrument, to be executed by an agent, so as to bind his principal. It is signed "*Zina Pitcher, Mayor of Detroit.*" Were there nothing in the body of the instrument, which clearly showed who was the contracting party, it would not certainly bind the plaintiffs in error. But here, the capacity in which Pitcher acted, is fully explained. No part of the instrument shows that he makes any contract individually; but the whole of it shows that he acts as the agent for the plaintiffs in error, and to have added or prefixed their name to his signature, would have been but to repeat, in the same instrument, what already sufficiently appeared.

It is true there are cases which appear to establish the doctrine, that the name of the principal must be signed to an instrument executed by an agent. But in the case of the *New England Marine Insurance Co.* v. *De Wolf*, 8 Pick. 56, *Parker*, C. J. in delivering the opinion of the Court, remarks, that "the authorities cited to maintain this position, are of deeds only; instruments under seal." No doubt this is the rule in regard to sealed instruments. Not only must the principal's name be signed to them, but his seal must be affixed also. *White* v. *Cuyler*, 6 T. R. 176;

City of Detroit *v.* Jackson.

*Wilkes* v. *Back*, 2 East. R. 142; 2 Caine's R. 66; *Elwell* v. *Shaw*, 16 Mass. R. 42; *Combe's Case*, 9 Co. 76 *b*; *Frontin* v. *Small*, 2 Ld. Raym. 1418; *Fowler* v. *Shearer*, 7 Mass. R. 14; 1 Greenl. R. 231. Where, however, the instrument is not under seal, a different rule prevails. In such cases, it is enough if the contract is made in the name of the principal, and as his contract, through the agent, and the signature of the agent is made to the instrument purporting to charge his principal. In the *New England Marine Insurance Co.* v. *De Wolf*, before cited, the declaration was upon a guaranty endorsed on the back of a note, given for a premium on insurance, as follows: " By authority of J. De Wolf, Junior, in a letter dated September 24, 1824, I hereby guaranty his payment of the premium or policy No. 10,079. Isaac Clap." It was held that the defendant was bound as guarantor of the notes; Clap, the agent, having authority to sign for his principal, and his intention to do so, being evident from the warranty itself.

A familiar instance of the manner of executing a contract by an agent, is found in the case of bank bills. They are, upon their face, the promises of the corporation by which they were issued; but they are signed by the president and cashier, with an abbreviation showing only the capacity in which they sign. It has never been contended, that, because these agents did not add to their signatures the name of the corporation, they were personally bound, and not the corporation. Even where a check was drawn by the cashier of a bank, and it appeared doubtful whether it was an official or a private act, parol evidence has been admitted to show that it was an official act, for the purpose of making the bank responsible. *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. R. 326. Story on Agency, 268, note.

We entertain no doubt as to what is the proper construction of the agreement for submission in this case.

We think the plaintiffs in error must be regarded as one of the contracting parties, although their agent has signed his own name to it, without adding the name of his principals.

3. A third objection is, that the seal of the corporation is not affixed to the submission. It is a sufficient answer to this objection, to say, that no seal is required to be affixed to such an instrument. If the agent was authorized to enter into the submission for the corporation, it was competent for him to do so in the ordinary manner, and we know of no authority which requires the seal of the city to be affixed to the agreement.

4. The fourth objection is, that the award is made, and the judgment thereon rendered, in favor of parties who had no claim against the corporation, the plaintiffs in error. Jackson and Sutton were contractors with the corporation, for building certain hydraulic works ; and Conant, Caniff and Jones, were their sureties, merely, and that, by an instrument separate from the articles of agreement between the corporation and Jackson and Sutton, though bearing even date therewith. The award is in favor of both the principal contractors and their sureties.

Both are parties on the one part, to the submission, which is in general terms of the matters growing out of the contract in which both were interested. It was a matter of policy, with the plaintiffs in error, to make the sureties parties to the submission and award, so that, in case judgment was rendered in their favor, it would be against them as well as against their principals. They have voluntarily submitted the matters in difference, making the sureties parties, and cannot now claim a reversal of the judgment, on the ground that, being liable only as sureties, they had no claim against the city. We cannot here inquire what proof was required or adduced before the arbitrators, to establish the claim of the defendants in

error. We can only look to the submission and the award. The former shows clearly a submission of certain claims and demands between the plaintiffs on the one hand, and the defendants on the other, and the award is in pursuance of the submission, and between the same parties. If it had been in favor of the corporation, it would have been against all of the defendants in error; as it is the other way, the plaintiffs in error must abide the result.

From a view of the whole case, we are satisfied that there is no error in the record, and the judgment must, consequently, be affirmed.

*Judgment affirmed.*