TANNATT *v.* THE ROCKY MOUNTAIN NATIONAL BANK OF CENTRAL CITY, COLORADO.

AGENTS — *what signature will bind principal.* If an agent sign a bill of exchange in this form, " T. R. T., agent for S. T.," and there is nothing in the body of the bill evincing an intention to bind the principal, the agent shall be regarded as the drawer of the bill.

EVIDENCE — *to explain the agent's signature.* In such case parol evidence cannot be received to show that the agent intended to bind his principal.

*Appeal from District Court, Gilpin County.*

HALLETT, C. J., dissented.

Mr. E. T. WELLS and Mr. HUGH BUTLER, for appellant.

Messrs. JOHNSON & TELLER, for appellee.

BELFORD, J.  This was an action brought by the Rocky Mountain National Bank against Thomas R. Tannatt, on a bill of exchange, of which the following is a copy:

"BLACK HAWK, Col., *March* 11, 1869.

"At five days' sight pay to the order of Rocky Mountain National Bank, fifteen hundred dollars, value received, and charge the same to account of

"THOMAS R. TANNATT,

"Agent for S. TAYLOR.

" *To* S. TAYLOR, *Providence, R. I.*"

Plaintiff recovered judgment in the court below, and the defendant brings the cause here on appeal.

On the trial, the defendant offered to prove that the bill of exchange was drawn by him in a representative capacity. That, at the time of the drawing of the same, and for a considerable period anterior thereto, he was engaged in carrying on business for Taylor; that he drew the bill of exchange on Taylor, as his agent and not otherwise, and that the bank had full knowledge of this fact.

This evidence was excluded by the court, and is one of the grounds of complaint.

We see no error in the rejection of this evidence.  If the defendant is liable as drawer of this negotiable instrument, that liability must be determined by the instrument itself. Parol evidence can never be admitted for the purpose of exonerating an agent who has entered into a written contract in which he appears as principal, even though he should propose to show, if allowed, that he disclosed his agency and mentioned the name of his principal at the time the contract was executed.  When a simple contract, other than

a bill or note, is made by an agent, the principal whom he represents may, in general, maintain an action upon it in his own name, and parol evidence is admissible, although the contract is in writing, to show that the person named in the contract was an agent, and that he was acting for his principal. Such evidence does not deny that the contract binds those whom on its face it purports to bind, but shows that it also binds another. *Nash* v. *Towne*, 5 Wallace, 703.

In the case of *Jones* v. *Littledale*, 6 Adolphus & Ellis, 486, Lord DENMAN, delivering the judgment of the court, lays down this as a general proposition, "that if the agent contracts in such form as to make himself personally responsible, he cannot afterward, whether his principal were or were not known at the time of contract, relieve himself from that responsibility."

In many cases it is held that parol evidence may be introduced to charge an undisclosed principal, but never to exonerate an agent who has made himself personally liable. 2 Smith's Leading Cases, 224 (marginal).

Is Thomas R. Tannatt personally liable on this bill of exchange? "The rule is well settled," says Mr. STORY, "that, as to agents, if they draw or indorse or accept bills in their own names, although on account and for the benefit of their principals, they are held personally liable, because they alone can be treated on the face of the bills as parties. If they would bind their principals, they must draw, indorse or accept the bills in the name of their principals, and sign for them and in their names." It is further added in a note, "that, in order to bind the principal and exonerate himself, the agent should regularly sign thus : ' A B by C D, his agent,' or 'C D for A B.' But in practice there are innumerable deviations from this simple and appropriate form, and the decisions upon the various cases which have arisen in courts of justice involve much conflict of doctrine and opinion, and do not seem always to have proceeded upon any uniform principle of interpretation." See Story on Bills of Exchange, § 97.

In the case of *The City of Detroit* v. *Jackson*, 1 Doug.

115, the judge, in delivering the opinion of the court, after reviewing the numerous cases on the subject, says : "In these and numerous other cases of the same class, the courts have simply looked to the form of the instrument itself in order to ascertain whether it is the contract of the principal or of the agent personally. If, by the terms of the agreement, a party describing himself as agent undertakes to do certain things, *the mere addition of the word 'agent,' or, indeed, any other designation which he may add to his name*, will not make it the contract of his principal. Such addition will be regarded as mere description, and will not have the effect of binding a third person who is not, in form, made a party to the instrument. It is not enough that the person executing an instrument have power as agent to bind a third person, he must, in fact, make it the obligation of that person in terms in order to bind him. A familiar instance of the manner of executing a contract by an agent is found in the case of bank bills. They are, *upon their face, the promise of the corporation by which they were issued*, though signed by the president and cashier with an abbreviation showing only the capacity in which they sign."

In the case of *Tucker* v. *Fairbanks and others*, 98 Mass. 104, GRAY, Judge, says : "The question, whether the defendants are liable upon the face of the bill, requires more consideration. The difficulty is not in ascertaining the general principles which must govern the cases of this nature, but in applying them to the different forms and shades of expression in particular instruments. In order to exempt an agent from liability upon an instrument executed by him within the scope of his agency, he must *not only name his principal*, but he must express, by some form of words, that the writing is the act of the principal, though done by the hand of the agent. If he expresses this, the principal is bound and the agent is not. But a mere description of the general relation or office which the person signing the paper holds to another person or to a corporation, without indicating that the particular signature is made in the execution of the

VOL. I. — 36

office and agency, is not sufficient to charge the principal or to exempt the agent from personal liability."

It is claimed that the words, "agent for S. Taylor," fully indicate that Tannatt signed the bill of exchange in a representative capacity, and that the engagement manifests an intent not to bind himself, but to bind the principal. It will be observed, however, that Taylor's name as principal nowhere appears in the body of the instrument. The money was to be charged to Tannatt's account, not Taylor's. The words, "agent for S. Taylor," may be regarded as a mere description of the general relation or office which the person signing the paper holds to another person, without indicating that the particular signature is made in the execution of the office and agency.

"Agent for a particular person," says GRAY, Judge, "may designate either the general relation, which the person signing holds to another party, or that the particular act in question is done in behalf of, and as the very contract of, that other ; and the court, if such is manifestly the intention of the parties, may construe the words in the latter sense."

But how is this manifest intent to be learned ? Clearly from the whole instrument. In affixing the words, "agent for S. Taylor," it is possible that he designed them as a memorandum, to be used in a settlement he might afterward make with Taylor. The signature of the defendant does not purport to have been made in behalf of a principal. They do not express an act of agency, as the words "A B" for "C D" would. They are mere description. I agree that no precise form of words is indispensable to the execution of an instrument by an agent for a principal. But it must appear in some way that the instrument is executed in behalf of the principal, or it cannot be his act.

It is not unusual for one who, as surety, executes a joint bond with the principal debtor, to annex to his name the character in which he signs. But then there is no doubt that he is liable to the creditor. Had the signature been

"Thos. R. Tannatt, agent of S. Taylor," it would hardly be contended that it was Taylor's bill of exchange.

But it is claimed that this form of signature has been repeatedly adjudged good by the supreme court of Massachusetts. I admit that it has been so held in *Ballou* v. *Talbot*, 16 Mass. 461, but the decision in that case, while it has been followed there, has not quieted discussion, even in that State. In the case of *Jefts and Wife* v. *York*, 4 Cushing, 371, the signature was "S. D. York, agent for the Freewill Baptist Church," but the body of the note sued on contained the name of the principal, and it was the principal that made the promise, and the case turned upon that fact.

In the case of *Barlow* v. *The Congregational Society*, etc., 3 Allen, 461, this subject is again considered, and GRAY, J., remarks : "All the decisions of this court upon unsealed instruments, since the case of *Mann* v. *Chandler*, 9 Mass. 335, have required something more *than a mere description of the general relation between the agent and the principal in order to make them the contracts of the latter.*"

Again, he says : "But wherever it appears upon the face of a simple contract, made by an agent of one *named therein*, and whom he can legally bind thereby, that he acts as agent and intends to bind his principal, the law will give effect to the intention in whatever form expressed."
"In short, the note not only names the principal, describes the relation between the principal and the agent, and declares the note to be made in execution of the agency, but it cannot take effect according to its terms, except as the note of the principal. As the intention to bind the defendants thus appears upon the face of the note, the judgment must be affirmed."

If, as it has been held in this and in the case in 98 Mass., that the words "Agent for A B" may be taken as a description of the general relation between the agent and the principal, it seems to me a forced construction to say, that a signature in that form must also be taken as indicating a manifest intent to bind the principal.

In the case of *Offut* v. *Ayres*, 7 Monr. 356, the form of the signature was "For B. Ayres, W. B. Ayres," and the court held it to be the note of .W. B. Ayres.

In the case of *Webb* v. *Burke*, 5 B. Monr., it is said to be well settled, that if *in the body* of a writing, A B, as agent, binds C D, and then signs it "A B, agent for C D," the writing is that of C D.

In the case of *Cook & Co.* v. *Sanford*, 3 Dana, the note was "One day after date we promise," etc., and signed "V. McKnight for N. B. Cook & Co." The court say, in this case, the words "we promise" show that the promise was intended to be made by a plurality of individuals, and there would be an inconsistency in supposing it to be the agent who promised.

It will be observed, that this cause is not made to rest on the form of the signature, but what appears *in the body* of the instrument, and which unmistakably shows that the principal and not the agent was intended to be bound. See, also, *Downer* v. *Collin*, 26 Ala. 591.

In the case of *De Witt* v. *Wallin*, 4 Seld. 571, the form of the signature was "David Hubbell Hoyt, agent for the churchman." GARDNER, Ch. J., says in commenting on this signature, "It is not sufficient that he describes himself as agent, he must give a right of action against the principal. Here the promise is not by the defendant or the churchman, nor by Hoyt for them or either of them, or in their behalf, but for himself. The formula used by him in the signature to the note in controversy has been determined in this and other States, to create an obligation on the part of the agent personally, and not in behalf of the principal. I can see no good reason for relaxing the principle of these decisions. We may conjecture, that the affix to the name of Hoyt was designed by him to answer some other purpose than simply to designate his person. He may have supposed that it created a contract upon the part of the defendant, or what is more probable, he may have designed it as a memorandum to enable him to determine thereafter from what fund the note should be paid, and to guide him in making up

his account with the churchman or with the defendant personally. *It is sufficient to defeat the action that this purpose is equivocal*, that the language does not necessarily, or by fair and reasonable construction, create an assumpsit on the part of the defendant, whether known as William Walton or as 'the Churchman.' There is no great hardship in requiring, that if one man undertakes to oblige another by note, bill of exchange or other commercial instrument, he should manifest his purpose clearly and intelligibly, or that his principal will not be bound, whatever may be the result in reference to himself."

I am aware that in this case PARKER, J., also delivered an opinion, but I am unable to see that it militates in any degree against the doctrine laid down by Gardiner. At all events in the case of *Fiske* v. *Eldridge*, 12 Gray, 474, this case is quoted with approval. See, also, 98 Mass. 106.

I confess that, after a most careful consideration of the Massachusetts cases, I fail to appreciate the soundness of a rule which declares that the words "agent for" may be taken on the one hand as a description of the general relation which the person signing holds to another, and on the other hand as showing that the particular act in question is done in behalf of, and as the very contract of, that other. If these words are open to this two-fold interpretation, when and how is the proper use of them to be determined? Under what circumstances will the court regard them as words of description, and when as indicating that the particular signature is made in the execution of the office and agency? Is it to be a matter of legal whim and caprice, or is the application to be made under fixed rules on recognized principles? In the case of *Tucker* v. *Fairbanks*, 98 Mass. 106, the court say that the latter construction may be given, when such is manifestly the intention of the parties. The intent to bind the principal, therefore, must be manifest before the courts should construe the words in the latter sense. If this intent is to be derived from the form of the signature, there ought certainly to be some particular shade given to the words by the writer of them, so that we

might learn when they are to be used in the one sense and when in the other. No! we must look elsewhere. Not outside the instrument, because the liability of the drawers of a negotiable instrument must be determined from the instrument itself; but look to the whole instrument and from the body of the contract, taken together with the signature, determine whether it gives a right of action against the principal. If it does, then it exempts the agent; otherwise, he is responsible. If by his act of signing he has left it doubtful whether another or himself is to be bound, the doubt is to be resolved against him, and especially in cases of negotiable paper, where the rule is well settled, that whoever takes it enters into a contract with the parties who appear on the face of it, and cannot look to others for payment. 12 Gray, 481.

While we hold that a person may draw, accept or indorse a bill by his agent, and it will be obligatory upon him as though it was done by his own hand, still the agent, in such case, must either *sign the name* of the principal to the bill, or it must appear on the *face of the bill itself* in some way or other, that it was in fact done for him, or the principal will not be bound. See *Sayre* v. *Nichols*, 7 Cal. 541.

If we look at the body of this bill of exchange there is nothing in it showing any intention to make Taylor liable. To hold him liable, we must rest our judgment wholly on the form of the signature. And we have already shown that a signature of that kind can be taken as a mere description of the relation which the party signing bears to another, or as showing that the particular act in question is done in behalf of, and as the very contract of, that other.

We feel that it is unsafe to adopt this latter construction, unless it appears from the whole instrument that it was the manifest intent of Tannatt to bind Taylor. In my judgment there is nothing manifesting this intent, and the judgment should be affirmed.

My brother Eyster fully concurring with me in this opinion, the judgment below is affirmed.

HALLETT, C. J., dissenting.  Appellant was charged as drawer of certain drafts signed by him as follows : "Thos. R. Tannatt, agent for S. Taylor," and the question is, whether he is liable in that character.  Appellant appears to have been the agent of Taylor, or at all events he proposed to show upon the trial that he was such agent, and that he had authority from Taylor to draw these drafts.  If such were the facts, it appears to me that the signature was sufficient to bind Taylor, and relieve appellant from liability. This precise formula has often been held sufficient to bind the principal, and I think that as to these words, the question should be regarded as settled.  *Ballou* v. *Talbott*, 16 Mass. 460 ; *Barlow* v. *Cong. Society of Lee*, 8 Allen, 460 ; *Tucker Manf. Co.* v. *Fairbanks*, 98 Mass. 101 ; *Hovey* v. *Magill*, 2 Conn. 680 ; 1 Am. Lead. Cases (4th ed.), 612, 629, and cases cited.  Against these authorities is the opinion of GARDINER, C. J., in *De Witt* v. *Walton*, 9 N. Y. (5 Seld.) 572. In this case PARKER, J., gives another ground for his opinion, and it does not appear whether the other members of the court concurred with him or with the chief justice, and therefore it cannot be said that the court decided in that case that in this method of signing the agent binds himself and not his principal.  I think that the weight of authority is against the ruling of the court below, and that the judgment should be reversed.

*Affirmed.*