Marston, J.:
Koehler brought an action of assumpsit against the township to recover the value of certain iron, furnished to be used in the construction of a bridge, under a written agreement made with one of the commissioners of highways of said township.
Several questions were raised and discussed relating, first, to the authority of said commissioners of highways to authorize *24 the making of the contract in question, which it was said depended upon the regularity and validity of a special meeting of the people of the town called to vote moneys to build this bridge; second, as to whether the board had *authorized the making of the contract in question; and, third, whether there was or could be a ratification by the board of the acts and contracts of the commissioner who made the contract under which the iron was furnished, which would render the township liable, even if the contract was not valid in the first instance.
1. In Moser v. White, 29 Mich., 60, it was said that “every essential proceeding in the course of a levy of taxes must appear in some written and permanent form in the records of the bodies authorized to act upon them. Such a thing as a parol levy of taxes is not legally possible under our laws.” While, therefore, there should be proper written evidence on file or of record, showing that the requisite statutory preliminary requirements to a legal meeting had been complied with, and showing that such a meeting had been held, and the proceedings thereof, courts should bear in mind that, either from a lack of experience or otherwise, it frequently happens that the persons whose duty it is to give notice of and keep a record of such meetings, fail to keep the files and records of their office in a clear and intelligible manner, and that to require the utmost strictness in this respect would result in many cases in rendering void the proceedings of such quasi corporations; their proceedings, therefore, should be liberally construed and all proper intendments made in favor of their regularity.— Cooley on Taxation, 246-7.
2. It did not appear of record that the board of highway commissioners had authorized Cuthbertson, one of their number, to make the contract under which the iron was furnished, or to superintend the building of the bridge. The township clerk is by statute made the clerk of the board of highway commissioners, and required under their direction to record their proceedings. It has, however, frequently been held that while parol evidence could not be admitted to contradict the record, yet that it might be introduced to show facts omitted *25 to be stated; that the rights of creditors or third persons cannot be prejudiced by the ^neglect of the clerk to perform his duty in this respect: — Bigelow v. Perth. Amboy, 1 Dutcher, 297; San Antonio v. Lewis, 9 Texas, 69; Bank v. Danbridge, 12 Wheat., 64; United States v. Fillebrown, 7 Pet., 28; Hutchinson v. Pratt, 11 Vt., 402; Westerhaven v. Clive, 5 Ohio, 136; Athearn v. District, 33 Ia., 105; this is very different from the record of authority to raise a tax. If the board had authority to appoint one of their number to superintend the work done upon this bridge, as they clearly had in certain cases (1 Comp. Laws, § 1S06), they would thereby be but appointing him the agent of the township for that purpose; and it was held in City of Detroit v. Jackson, 1 Doug., 106, followed in Jhons v. People, 25 Mich., 503, that a municipal corporation may appoint an agent by parol. It should, however, appear that the meeting at which such commissioner was appointed was legally called and held, or that all the members of the board were present and participated in the appointment; but a unanimous vote would no more be required to appoint at such meeting than at one called in pursuance of the statute. *
3. As to ratification, there may in certain cases be a ratification by the corporation of an unauthorized contract. It must, however, in such cases appear that the contract was one which could in the first instance have been legally entered into by the corporate authorities. And while there may be cases where knowledge that work is being performed for the use and benefit of a corporation under an unauthorized contract, and the corporation afterwards accepts and makes use of the work done, would amount to a ratification; yet this is not one of that class of cases. The fact that the people of the township made use of the bridge when traveling upon the public highway would not be an acceptance, and cannot be so construed. If this were so, then a party placing an unauthorized structure over or on a public highway could thus compel the people to either pay for the same or abandon the use of the highway entirely, lest such use could be construed into an acceptance and liability to *pay.— Wilson v. School *26 District, 32 N. H., 118; see 1 Dillon on Mun. Corp., §§ 385, et. seq. Again, the proper parties to ratify a contract are those who could in the first instance have legally made such a contract. The people of the township are given no such authority, so that their action in the use of the bridge cannot for this reason be held a ratification; neither could the members of the board severally. But if the board, while the work was in progress, or after it was completed, met, either according to notice previously given, or all the members got together without such notice, and with a knowledge of what, had been done, approved of and ratified it, we think the township would be bound by such action. — Argenti v. San Francisco, 16 Cal., 255.
4. The question still remains, was the contract in this case one which the board .could have authorized or ratified without a vote of the people under § 752 et seq., 1 Comp. D. § 1S06 provides that if any bridge over any stream intersected by a highway in any township in this state has been injured or destroyed by the occurrence of a freshet or from any other cause, it shall be the duty of the highway commissioners of such township, on application, etc., to proceed with all convenient dispatch to repair or reconstruct such bridge, as the case may require, under the personal supervision of one of their number, or by letting a contract therefor, under existing provisions of law, provided that a majority of the commissioners shall, after a personal examination, determine that the public interests and convenience require such repairs to be made, or that such bridge ought to be rebuilt, and provided also that the sum to be expended shall not in any one year exceed one thousand dollars. There are other provisions giving the commissioners the care and superintendence of bridges over streams intersecting highways, but it is unnecessary to refer to them in detail. The contract in this case is one apparently within the general powers of the board. A third party entering into such a contract with one of the commissioners has a right to ^assume that the contract is, in fact as in appearance, a proper one. So long, therefore, as the contract does not upon its face show that it is one *27 beyond tbe power of tbe board to enter into, or to authorize one of their number to enter into, and tbe other contracting party is not notified to tbe contrary, but goes on and in good faith furnishes the materials, he will be entitled to recover, if it appears, as already stated, that the commissioner was authorized by the board to make such a contract, or that his action was afterwards ratified by the board. For all materials furnished under any such contract, the statute points out a method of payment.
As the rulings of the court below were inconsistent with what has been here said, the judgment must be reversed, with costs, and a new trial granted.
The other justices concurred.