141  363
f149  130
f149  227

MARTIN *v.* DETROIT LUMBER CO.

MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF
RISK.

    A boy of 17, of average intelligence, with a limited experience
in lumber mills, operating a resawing machine under which
was an iron trough to receive the sawdust, *held*, to have as-
sumed the risk of being injured while using a short stick to
clean the trough and inserting his hand under the saw,
though not instructed as to the dangers.

Error to Wayne; Frazer, J.   Submitted June 15, 1905.
(Docket No. 21.)   Decided September 20, 1905.

Case by Nelson Martin, by next friend, against the
Detroit Lumber Company for personal injuries.   There
was judgment for defendant on a verdict directed by the
court, and plaintiff brings error.   Affirmed.

Plaintiff had two fingers cut off by a circular saw, and
sued his employers for resulting damages.   The negligence
of defendant, which is charged and relied upon, is that the
saw was not guarded, and that plaintiff, who was 17 years
old at the time of the accident, was not instructed in his
duties and notified of the danger and risk of his employ-
ment.   The statement of the facts which was made by the
trial judge to the jury in giving his reasons for directing
a verdict is not questioned, and is here repeated:

"The plaintiff brings this suit against the defendant,
claiming he is entitled to receive damages because he had
his hand injured while working for defendant.   The boy
was 17 years old.   He had a limited amount of experience
in mills of that character.   He has operated one or two
machines.   He had operated a matcher, and he had oper-
ated a swing saw, some little.   He had had some experi-
ence in this work—not any very great amount of experi-
ence; but he had had experience, practically, upon the
machine upon which he got injured.   This machine that

he was injured upon was what was known as a 'resaw machine'—a machine used for cutting out siding, ripping siding out of boards. The machine in operation, as you have seen upon observation there, consisted of a frame, attached probably to the floor, and a circular saw, and under that circular saw is an iron trough, and that trough receives the sawdust; and it was in cleaning out this iron trough that this boy got injured. He claims that this was a very dangerous machine, and that he ought not to have been put to work upon it on account of his immature age, and that he had not sufficient experience or knowledge to be trusted with the operation of a machine of this character; and he also states that some man, named Smith, told him that, if this trough got clogged up with sawdust, he was to take a stick and remove it. The evidence in this case, which is uncontradicted, shows that the distance between the circumference or teeth of the saw and the nearest point of this trough was about six or seven inches. This boy, in following the instructions of Mr. Smith, took a stick six inches long and undertook to clean out this trough. There is no evidence at all in this case that Mr. Smith told him to take a stick six inches long and insert his hand, holding that stick, under a saw, not more than an inch back from his hand, or that anybody told him to take any such kind of a stick and undertake to remove that sawdust.

"Now, a boy of that age, or any other boy—I think that a boy 17 years old of ordinary intelligence—and it is shown by the evidence in this case that this boy is a boy fully up to the average intelligence of boys of that age, if not more so, because, in giving his testimony in this case, he described very clearly the danger connected with the operation of all these different machines—he knew just as well then as he will ever know in his lifetime that, if he put his hand up against a saw in motion, his hand would be cut, and he knew, just as well as Mr. Smith knew, or anybody else, that it was his business to keep his hand away from that saw, and not bring it in contact with it.

"Now, if he exercised care such as he should have exercised, he would not have taken a stick six inches long to clean out sawdust under that saw. If he had taken a stick three feet long, or two feet long, and stood up above the cutting edge of the saw and scraped that sawdust out, he could have done it without any possible injury to himself, and he knew it just as well then as he will ever

know it in the world.   Anybody ought to have known that, if they took a stick six inches long and put their hand down under that saw, there was danger either in pulling his hand back, or, if some obstruction met with the stick, of knocking his hand up against that saw and getting his fingers cut off.

"*Mr. Springer:* I would like to have it appear in the record that, when the plaintiff gave his evidence, he gave the size of the stick, indicating the size with his hands, and it would be something like a foot long.

" *The Court:* Whether it was six inches or a foot, he had his fingers down under that saw when he got cut, because, if he had had them above the cutting edge of the saw, they would never have got there.   That stands to reason, and nobody can dispute it, because it is a self-evident proposition."

Further along he said:

"Now, there are a large class of cases that have been decided by the Supreme Court of this State and other States that, where these dangers are latent—that is, where they are known only to men skilled in the business and experts in the trade—the party who is not skilled in the business does not assume those risks; but he assumes all risks that are apparent to him, just as well as they are to the foreman, and, unless it is a matter in which the foreman, on account of his skill or ability in that particular direction, has a greater knowledge than he has, then the servant is not bound to obey the directions of the foreman, and, if he does it, he does it at his own peril.   Now, the question arises in this cause whether anybody does not know, just as well as the foreman, whether, if they put their hands in contact with a swiftly revolving saw, they are not liable to get it cut; whether that knowledge is peculiar to men skilled in that trade, or to anybody; whether a child of even smaller years or a younger age than the boy in question here would not know that.   I submit that they would, and that this is one of the risks that is assumed when taking that employment."

If we add to this statement of facts a picture of the machine, showing the saw and the trough under the saw, we have before us substantially all that appeared at the trial, so far as the case of the plaintiff is concerned, excepting the evident intelligence of plaintiff himself and his appre-

ciation of the risk attendant upon the use of such machinery.

It is contended for plaintiff that the case should have been submitted to the jury, and the ground taken is that plaintiff cannot be held to have assumed risks of which he was ignorant and which he was not capable of appreciating; that—

"While in this case it may be said that the danger that caused the injury was an incident to the work of operating the machine as the defendant had it operated, it cannot be said that the danger was apparent to a boy of no experience in doing that sort of work."

The cases of *Chicago, etc., R. Co.* v. *Bayfield*, 37 Mich. 211, and *Michigan Cent. R. Co.* v. *Smithson*, 45 Mich. 212, 217, are relied upon.

*Oscar M. Springer*, for appellant.

*Keena & Lightner*, for appellee.

OSTRANDER, J. (*after stating the facts*). It is clear that the case is ruled, not by the authorities cited for plaintiff, but by *Kean* v. *Rolling Mills*, 66 Mich. 277, 285, 288; *Hathaway* v. *Milling Co.*, 139 Mich. 708, and similar cases.

The judgment is affirmed.

CARPENTER, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.