MULHOLLAND v. IDEAL MANUFACTURING CO.[1]

MASTER AND SERVANT—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

In an action against a master by a servant for personal injuries resulting from getting caught in the knives of a jointer, evidence examined, and· *held*, that plaintiff's carelessness in attempting to clean the accumulated chips and dust from the defective suction pipe of the machine without stopping it contributed to his injury, and that a verdict should have been directed for defendant.

Error to Wayne; Donovan, J. Submitted June 12, 1907. (Docket No. 18.) Decided July 1, 1907.

Case by Wallace B. Mulholland against the Ideal Manufacturing Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Keena, Lightner & Oxtoby*, for appellant.

*Frederic T. Harward*, for appellee.

MOORE, J. The plaintiff lost a portion of his right

---

[1] Rehearing denied October 4.

hand while employed at the defendant's factory.   Upon the trial of the case in the Wayne circuit court he recovered a verdict for the sum of $7,000.   The circuit judge denied a motion for a new trial and entered judgment on the verdict.   The writ of error in this case was issued to review this judgment.

The errors assigned may be grouped as follows:

1. The verdict should have been directed for defendant.

2. The alleged negligent acts of defendant, relied on by plaintiff in this case, were not the proximate cause of plaintiff's injuries.

3. Plaintiff assumed the risks incident to the work in which he was engaged when he was injured.

4. Plaintiff was guilty of contributory negligence, which was the cause of his injuries.

5. Errors in the court's rulings.

In our view of the case it is necessary to discuss but one of these groups of assigned error.

No testimony was introduced on the part of defendant, except some photographs of the machine which inflicted the injury and its environment.   In addition to his oral testimony, plaintiff introduced a wood cut of the machine in evidence.   The record discloses without dispute the following situation:   When plaintiff entered the employ of defendant, he was about 20 years of age. He worked for about 3 weeks upon a planing machine. He was then set to work upon the jointing machines, working first upon one and then upon the other alternately.   This machine operates substantially as follows: There is upon the upper portion of the frame-work of the machine two sets of knives, about one foot apart, which knives make about 3,000 revolutions a minute. There is a movable bed to the machine nearly a foot wide. Upon each side of this bed a board is clamped, with one edge down.   When the boards are in place, the operator puts his foot upon a treadle, which sets in motion a cogwheel, which is midway between the rotating knives and somewhat nearer the movable bed of the machine.   When the cog-

wheel is set in motion, the cogs upon it engage with cogs upon the lower side of the movable bed of the machine. It and the boards clamped upon the sides thereof are carried forward, so that the lower edges of the boards pass over the rapidly rotating knives. Upon the edge of one of the boards is cut a tongue, and into the edge of the other board is cut a groove. When this is done the boards are removed, the treadle is pressed by the foot of the operator, which brings the movable bed into position so that two more boards may be clamped thereon, and the operation repeated. The knives are set in motion by means of a belt, which is pushed from a movable pulley to one that is fast. The cogwheel is kept in motion by keeping the foot of the operator upon the treadle. Coming up through the floor under each of these machines is a pipe, which terminates with a flaring end under the two sets of knives. This pipe is attached to the main suction pipe of the building under the floor, and when in good condition sucks away the chips and dust caused by the operation of the machine. The pipe under one of these machines became detached just under the floor upon five occasions before the time of the accident. At such times the chips and dust would fill the upper end of the pipe, run over on the floor, and clog the machine. Upon the first of these occasions the foreman showed the plaintiff how to attach the pipes together, and told him to remove the chips and dust with a stick, which he did. The foreman promised the plaintiff to fix the pipe so it would not separate. It is also claimed he made a like promise at each of the other times, and that plaintiff relied upon these promises. At about 5 o'clock of the day when plaintiff was injured the pipe separated, the upper end filled up, and the chips and dust piled up on the floor and clogged the machine. The plaintiff left the knives running, went under the floor, and attached the pipe where it had been separated. Returning to the machine, he put his foot upon the treadle, setting the cogwheel in motion, took a stick about the size of a lath and about two feet

long in both hands, and began to poke the end of it into the funnel end of the suction pipe for the purpose of removing the chips and dust which clogged the pipe. His shirt sleeve came too near the rotating cogwheel, his hand was drawn upon the revolving knife, and the mischief was done.

It is claimed by plaintiff that he left the knives revolving and set the cogwheel in motion while doing this work, so they would clear themselves of chips and dust, and that it would be difficult to clear out the machine if they were stopped. As to why he did not stop the knives and cogwheel, the following appears upon his redirect examination:

" *Q.* Why didn't you do it ?

"*A.* Because the machine was running, and it would clean more readily, and I was working piece work, and wanted to do it as quick as I could.

"*Q.* Cleaned more readily ?

"*A.* Yes, sir.

"*Q.* Could you get your hand down in there by the wheels and the gear to clear it out?

"*A.* No, sir; I could not.

"*Q.* But when the wheels were going—revolving, that is, like this—you poked it out ?

"*A.* Yes, sir.

" *Q.* And that is the way you did it ?

" *A.* Yes, sir."

Counsel for plaintiff contends, and we quote from the brief:

" The filling up of the machine with shavings, owing to defective suction pipe, blinded and confused plaintiff as to the exact location of the gear wheel and knives, and was the approximate cause of his injuries."

When the accident occurred, plaintiff had been at work upon the two machines nearly four weeks. He knew perfectly well how to shift the belt to the movable pulley and thus stop the knives. He knew all about setting the cogwheel in motion. He knew the exact location of the cog-

wheel and of the revolving knives. He knew the exact situation better than any one else. It was an extremely careless thing to do what he did do. It would be a misuse of words to say that his carelessness did not contribute to his injury. See *Kean* v. *Rolling Mills*, 66 Mich. 277, 285, 288; *Hathaway* v. *Milling Co.*, 139 Mich. 708; *Martin* v. *Lumber Co.*, 141 Mich. 363. A verdict should have been directed in favor of defendant.

Judgment is reversed, and new trial ordered.

McAlvay, C. J., and Carpenter, Grant, and Hooker, JJ., concurred.