HERTEL v. SAFETY FOLDING BED CO.[1]

1. MASTER AND SERVANT — DANGEROUS APPLIANCES — DUTY TO GUARD—VIOLATION OF STATUTE.

There is no violation of the statutory duty on the part of an employer in failing to guard a revolving line shaft situated two feet from the floor of a factory at a point where there are no couplings, set screws, or projections of any kind.

2. SAME — PERSONAL INJURIES — RISKS ASSUMED — SCOPE OF EMPLOYMENT.

In an action by a servant for personal injuries caused by being

[1] Rehearing denied October 4, 1907.

caught on a revolving shaft, evidence examined, and *held*, that sawing crating material was within the scope of employment of an employé of the shipping department of a factory, and that the risk of being caught on the shaft from which the saw was driven was apparent and was assumed by him.

Error to Wayne; Murphy, J. Submitted April 12, 1907. (Docket No. 73.) Decided July 13, 1907.

Case by William Hertel, by next friend, against the Safety Folding Bed Company, Limited, for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Keena, Lightner & Oxtoby*, for appellant.

*E. A. Fink*, for appellee.

McALVAY, C. J. While in defendant's employ, on November 16, 1904, plaintiff, then about 18 years of age, was injured. James Saxton was shipping clerk, and had charge of the crating and shipping department of defendant's factory, which included cutting the boards which were used in making crates. Plaintiff was employed by Saxton and worked in his department a year and three months before the accident. The saw on which the boards for crating were cut was located in a different part of the building from the shipping room where the goods were crated. This saw and saw table were located upon a floor or platform which had been put in about halfway between the floor and ceiling of this part of the factory. The saw was driven by a line shaft, which was continually revolving when the engine was running. It was about two feet from the floor upon which the saw table stood, and extended the width of the building north and south. The accident occurred about four feet from the saw table. This saw was operated by two persons. One put the boards through the saw, and the other, a helper, took the pieces into which a board was sawed away from the table and piled them up. The saw was in use about half the

time, sometimes continuously for a full day, and sometimes for half a day, as the strips for crating were needed. The person doing the sawing stood on the west side of the shafting facing the windows, which were in the east wall of the building. The helper was on the east side of the shafting at the east end of the saw table. This was part of the work of the shipping and packing department, and was all done by the employés of that department, under the direction of the shipping clerk, who hired, controlled, and discharged the men under him. Plaintiff during the time he worked for defendant company had been frequently sent by Mr. Saxton to work as helper at the saw table. The saw at this time was operated by Julius Diweneski, an employé in the same department, 24 years of age. Plaintiff had so worked for some length of time previous to the accident; he says for two or three months. After Diweneski quit work, Mr. Saxton put plaintiff in charge of this saw, at which work he continued until his injury. The record is not perfectly clear as to the length of time he operated the saw. It was at least for two weeks. Plaintiff says:

"I had been there working at the saw myself five or six times. * * * It was not on consecutive days. Sometimes I would be there once a week, and sometimes twice a week, and maybe once in two weeks."

On the day of the accident, while ripping boards with a helper, who had never worked there before that day, plaintiff, desiring to give him some instructions how to pile the pieces of lumber, stepped away from the saw table, about four feet, towards this line shaft and against it. He says that he went away from the saws on account of the noise, so that the helper could hear him. His clothes were in some way caught by the revolving shaft, and he was injured. At this place on the shaft there was no coupling, set screw, or other projection of any kind. The case was submitted to the jury, and a verdict rendered for plaintiff. Defendant asks this court to reverse the

judgment entered upon said verdict, upon the ground that the trial judge erred in submitting the case to the jury. The contention is that plaintiff assumed the risk connected with his employment, that there was no evidence of defendant's negligence, and that plaintiff was guilty of contributory negligence.

The learned trial judge properly held that defendant could not be held guilty of negligence on account of any violation of a statutory duty in the construction and operation of this machinery. He submitted the question to the jury to determine whether the work in which plaintiff was engaged at the time of his injury was within the scope of his regular employment, and subject to increased risk and danger concerning which he was not informed and instructed. We think that the crucial question in this case is whether this work was within the scope of plaintiff's regular employment. There is no dispute in the record but that the work done upon this saw was part of the work of the department in which plaintiff was employed; that plaintiff, as a helper, had frequently and for a considerable length of time assisted in this part of the work under a competent operator; that he was put in charge of the saw and did this work for at least two weeks before his injury. He was a young man of ordinary intelligence almost 18 years old. From his acquaintance with this revolving shaft and his experience in going over and under it frequently when he worked as helper, he must be held to have known the dangers incident to coming in contact with it. He says he knew that it was always in motion, and that he avoided touching it. The question of negligence on account of not giving warning as to dangers from the saw itself is not in the case. From the experience of the plaintiff, above related, while working as a helper and operator, he was informed of all the apparent risks of his surroundings. *Mushinski* v. *Vincent*, 135 Mich. 26; *Berlin* v. *Mershon & Co.*, 132 Mich. 183.

The work in which he was engaged, and which he al-

ways performed satisfactorily, was within the scope of his employment.   The danger from this shaft was apparent, and the risks of the employment were assumed by him.   *Kean* v. *Rolling Mills*, 66 Mich., at page 288; *Martin* v. *Lumber Co.*, 141 Mich. 363.

The request of the defendant for an instructed verdict in its favor should have been given.   Other contentions of defendant need not be considered.

The judgment is reversed, and a new trial ordered.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.