**BENEFICIAL FINANCE COMPANY OF COLORADO, Plaintiff and Garnishor-Appellant,**

v.

**Kenneth L. BACH, Michael D. Smith, Robert Pence, and Realty World Senti of Fort Collins, Defendants,**

**and**

**Everitt Realty and Investment Company, Garnishee-Appellee.**

No. 82CA0907.

Colorado Court of Appeals, Div. II.

April 28, 1983.

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for garnishor-appellant.

Allen, Rogers, Metcalf & Vahrenwald, Donald E. Johnson, Jr., Fort Collins, for garnishee-appellee.

SMITH, Judge.

Beneficial Finance Company of Colorado, garnishor, appeals a judgment entered in favor of Everitt Realty and Investment Company (Everitt), garnishee. Beneficial contends that the trial court erred in determining that Everitt had a right of setoff pursuant to C.R.C.P. 103(n), and in admitting a lease agreement into evidence at the trial on its traverse to Everitt's answer to the garnishee summons. We affirm.

The facts pertinent to this appeal are as follow. In October 1981, Beneficial obtained a default judgment, in the principal amount of $24,428.20, against a party defendant denominated as "Realty World Senti of Fort Collins." Beneficial now states that the defendant was in fact a corporation, Compass Real Estate, Limited, d/b/a Realty World Senti of Fort Collins. On March 25, 1982, Beneficial served a writ of garnishment with interrogatories on Everitt, naming Realty World Senti as judgment debtor. In its answer to the writ, Everitt asserted that it did not hold any assets of Realty World Senti that were subject to garnishment, and that the property which it did hold was "exempt" from the writ by virtue of a landlord's lien created

by a lease agreement between Realty World Senti and Everitt.

Beneficial traversed, alleging that Everitt had in its possession various items of office furniture owned by Realty World Senti; that the items were located in offices rented by Realty World Senti from Everitt; that the items were not exempt; and that Beneficial had a superior right thereto.

At trial, evidence was introduced relative to the identity of the lessee in the lease agreement under which Everitt, as lessor, based its right of setoff and its lien. The lease was signed for the tenant by Yvonne M. Norman, "Sec. Treas.," and B.G. Campbell, "President." The words "Realty World Senti" appeared immediately above each signature. The lease also contained a cover sheet that read "Lease Agreement Between Everwest, a partnership, Landlord and Yvonne M. Norman and B.G. Campbell, d/b/a Realty World-Senti, Tenant." This latter identification of the lessee had also been typed in the body of the lease, and appeared on a typed "Lease Synopsis" introduced at trial with the lease.

Campbell, one of the lease signatories, testified that he was president of a corporation called Compass Real Estate, Limited, and that that corporation had formerly done business as Realty World Senti. When asked whether Compass Real Estate was leasing the premises under the subject lease, he answered, "That's correct." He further stated that he and Norman entered into the lease "as Compass Real Estate, Limited . . . ."

The trial court found that the lessees under the subject lease were the two named individuals, as well as a corporation called Compass Real Estate, Limited, d/b/a Realty World Senti of Fort Collins. It concluded that Everitt had a lease with Beneficial's judgment debtor which was in default. The trial court therefore concluded that Everitt had a right of setoff for the outstanding rent due in the amount of $2,785.94. The court also found that the lease contained valid provisions giving Everitt a landlord's lien over the office furni-

ture which was the subject of the garnishment, and that such lien was prior in time and right to any claim asserted by Beneficial. The court therefore dismissed the traverse, but ordered that any proceeds of sale of the furniture, over and above amounts owed Everitt, be paid over to Beneficial.

On this appeal, Beneficial initially argues that the evidence established that Everitt's lease was not with the judgment debtor, a corporation, but rather was with the two named individuals only, and that the trial court erred in finding to the contrary. Proceeding from that premise, Beneficial concludes that since no moneys were owed by the judgment debtor corporation to Everitt, no setoff could be claimed. We disagree.

■ If he has proper authorization, an individual is not liable under a contract signed by him on behalf of another when he has given notice to the third party that there is a principal for whom he acts and also notice of the name or identity of the principal. *Fink v. Montgomery Elevator Co.,* 161 Colo. 342, 421 P.2d 735 (1966). Conversely, an agent who enters into a contract on behalf of a disclosed principal binds the principal to the terms of the contract. *Schuette v. Winternitz,* 498 P.2d 1183 (Colo. App.1972) (not selected for official publication); *Restatement (Second) of Agency* § 155 (1958); *see also Fink v. Montgomery Elevator Co., supra; Tannatt v. Rocky Mountain National Bank,* 1 Colo. 278 (1871).

■ If a document is ambiguous as to who is bound thereunder and must therefore be construed by the use of extrinsic evidence, its meaning is generally an issue of fact to be determined in the same manner as other disputed factual issues. *Gran Prix Imports, Inc. v. Buckley Bros. Motors, Inc.,* 633 P.2d 1085 (Colo.App.1979), *rev'd on other grounds,* 633 P.2d 1081 (Colo.1981). *See also Fink v. Montgomery Elevator Co., supra; Restatement (Second) of Agency* § 157 comment b (1958).

■ Here, Campbell's testimony, combined with the signature portion of the lease, sufficiently support the trial court's finding that Campbell signed the lease in a

representative capacity on behalf of a disclosed principal, Realty World Senti of Fort Collins. *Fink v. Montgomery Elevator Co., supra; see also Tannatt v. Rocky Mountain National Bank, supra; Restatement (Second) of Agency* § 157 comments a and b (1958). Although the principal named in the lease was Realty World Senti, Campbell's testimony also supports the trial court finding that Realty World Senti was the trade name for a corporation called Compass Real Estate, Limited. The trial court was thus correct in concluding that the corporation was liable under the lease. Section 7–71–101(4), C.R.S.1973 (1982 Cum. Supp.).

We note in this regard that Beneficial's assumption that it has a valid judgment against Compass Real Estate, Limited, must also be premised upon the fact that Realty World Senti, the named defendant and judgment debtor, is the trade name of that corporation.

■ In any event it was the responsibility of the trier of fact to determine the credibility of the witnesses, and the sufficiency, probative effect, and weight of all the evidence. *People In re Petition of J.B.P.,* 44 Colo.App. 95, 608 P.2d 847 (1980). Finding support in the record, we may not disturb the trial court's factual determinations and the resulting conclusion that the corporation was a party to the lease. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

■ We conclude that the trial court correctly determined that, under the lease, Everitt had a prior right of setoff by virtue of a landlord's lien for moneys due. We agree that this was not a statutory landlord's lien created by § 38–20–102, C.R.S.1973. It was nevertheless a valid landlord's lien attaching to the furniture which arose by the express terms of the lease. This type of landlord's lien is valid and enforceable in Colorado. *Illinois Building Co. v. Patterson,* 91 Colo. 391, 15 P.2d 699 (1932).

Beneficial also contends that the trial court erred in admitting the lease into evidence because the corporate judgment debtor was not specifically named as a party therein. We disagree. The issue before the trial court on Beneficial's traverse was whether Everitt had a right under C.R.C.P. 103(n) to a set-off of amounts owed to it under the terms of a lease against property of the judgment debtor in its possession. Resolution of this issue was dependent upon a determination of whether the judgment debtor, under either its corporate or trade name, was a party to the lease.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.