No. 12,800.

SWEENEY *v.* CREGAN ET AL.
(299 Pac. 1058)

Decided April 20, 1931. Opinion modified and rehearing denied June 8, 1931.

Mr. L. E. Langdon, for plaintiff in error.

Mr. E. F. Chambers, Mr. S. S. Packard, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

George H. Sweeney, plaintiff in error, hereinafter referred to as defendant, and another were sued by John H. Cregan, defendant in error, hereinafter referred to as plaintiff. Upon the trial, judgment was entered in favor of the plaintiff, who caused an execution to be issued thereon, which execution, except for a small amount realized in garnishment proceedings, was returned "nulla bona." Plaintiff then filed his verified petition for supplemental proceedings in aid of execution, which resulted in an order commanding defendant to be and appear on a day and at a place certain, before the judge of the court, there to answer concerning his property.

(1) Defendant moved to set aside and vacate the order for his examination, because no notice of the application therefor had been given him, which motion was denied; (2) defendant questioned the sufficiency of the petition for supplemental proceedings, which was overruled; (3) defendant refused to be sworn and testify as a witness, because, he contends that section 265 of the Colorado Code of Civil Procedure, 1921, is unconstitutional and void, in that it is violative of section 18 of

article II of the Colorado Constitution. He was adjudged guilty of contempt of court, and sentenced to the county jail. The ruling upon the motions and the judgment of contempt are assigned as error.

1. Sections 265, et seq., Colorado Code of Civil Procedure, 1921, provide that when an execution is returned unsatisfied, the judgment creditor shall be entitled to an order from the judge of the court requiring the judgment debtor to appear before him, at a day and place certain, to answer concerning his property. The limitations upon the right to issue the order are not herein involved, and therefore are not noted. The statute makes no provision for affidavits, petitions or other pleadings, and no suggestion as to the method to be used in calling to the judge's attention the fact that the execution is returned unsatisfied; the only prerequisite to the granting of the order for examination is the return of the execution unsatisfied. The proceeding herein involved was ancillary and auxiliary to the original action; *Hexter v. Clifford*, 5 Colo. 168, 173. Supplemental proceedings are for the purpose of making effectual the judgment rendered in the main or original action, and, jurisdiction of the defendant having been acquired in the original proceeding, that action is considered as still pending until the judgment rendered thereon is fully discharged. The Code provides for no notice of application for an order, and none is required. The order is one which may issue ex parte; *Hexter v. Clifford*, 5 Colo. 168, 173; *High v. Bank of Commerce*, 95 Cal. 386, 30 Pac. 556; *Goodall v. Demarest*, 2 Hilt. (N. Y.) 534; *Ackerman v. Green*, 201 Mo. 231, 240, 100 S. W. 30; *Seyfert v. Edison*, 47 N. J. L. 431, 1 Atl. 502; 21 Enc. Pl. & Pr. 127; 23 C. J. 845; 4 Wait's Practice 137; 3 Freeman on Executions (3d Ed.) 2169 et seq.

2. The petition for an order for the examination of the defendant contained all the allegations necessary, together with much extraneous matter, and was invulner-

able to a demurrer for insufficient facts. No error was committed in so holding.

3. Defendant appeared at the time and place designated in the order for his examination, but, upon being ordered by the court to be sworn and testify, refused to do so, giving as his reason that, section 265 of the Code of Civil Procedure was unconstitutional because violative of his constitutional rights and guarantees. Section 265, supra, does not purport to grant a judgment creditor the right to require his debtor to answer questions which might subject the latter to a criminal prosecution. It must be presumed that in any proceeding under this section every constitutional right of the debtor will be respected and safeguarded. Defendant erroneously assumed that the only questions which might be asked him would require an answer that would subject him to a criminal prosecution under the provisions of sections 6928 and 6929, C. L. 1921. Under similar conditions, if defendant's position is tenable, one might refuse to obey a lawful subpoena, because, forsooth, questions violative of his constitutional rights might be asked him. It is a pleasure as well as a duty for us to protect all in the full enjoyment of every constitutional right and privilege, but in the instant case, no constitutional right of the defendant has been violated. When a witness is called to testify, sworn and interrogated, he may decline to answer, because to do so may incriminate or tend to incriminate him, but this privilege must be claimed by the witness himself, and the witness is not the sole judge as to the incriminatory nature or tendency of his answers. When it is claimed that an answer may incriminate a witness, and the privilege is claimed by the witness, the judge, before whom the hearing is had, must determine, from all the facts and circumstances, whether or not the answer will have that effect, and will compel or excuse the answer according to his determination. Before the judge can make this determination, the question must first be asked; *O'Chiato v. Peo-*

*ple,* 73 Colo. 192, 194, 214 Pac. 404; *Barr v. People,* 30 Colo. 522, 527, 71 Pac. 392; *Forbes v. Willard,* 54 Barb. (N. Y.) 520, 524; *Consolidated Rendering Co. v. Vermont,* 207 U. S. 541, 28 Sup. Ct. 178; 3 Freeman on Executions (3d Ed.) 2186; 40 Cyc. 2550; 28 R. C. L. 428 et seq.

In the instant case, many questions suggest themselves to us which might properly be asked of this defendant. We must presume that the defendant will be amply protected by the judge when the witness properly claims his privilege, and unless his constitutional rights are then violated, there is nothing for us to review.

█ From aught that appears herein section 265, et seq. of the Colorado Code of Civil Procedure, 1921, is constitutional, and defendant was clearly guilty of contempt of court in refusing to be sworn, and in his premature refusal to answer questions to be propounded. If defendant, in any proceeding, is deprived of his constitutional right against self-incrimination, it does not follow that the statute requiring his presence in court is unconstitutional and void.

Judgment affirmed.