Argued January 8, affirmed February 21, 1975

HUNT, *Respondent, v.* GOLDEN, *Appellant.*

532 P2d 26

*Francis F. Yunker,* Portland, argued the cause and filed the briefs for appellant.

*John C. Barrett,* Portland, argued the cause and filed a brief for respondent.

HOLMAN, J.

This is an action for damages, both actual and punitive, by the sellers, husband and wife, through their guardian ad litem, against the purchasers, husband and wife, of a home, the furniture therein, and a 1967 Buick automobile. The complaint has sufficient allegations to be capable of two interpretations: 1) an action for fraud upon the ground that the purchasers misrepresented the value of that which they purchased while they were in a position of trust and confidence with the sellers; and 2) an action for fraud upon the ground that the purchasers, knowing of the incompetency of the sellers, purchased the sellers' property at less than its actual value.

The action was tried to the court without a jury. Plaintiffs received a judgment for $5,000 actual dam-

ages and $3,500 punitive damages against defendant husband only. Defendant husband appeals.

■ Defendant first contends there is no proper party plaintiff since the guardian ad litem is shown as the plaintiff in the title of the case, and he has no cause of action because it belongs to those whom he represents who are not named as plaintiffs. The title of the case is "Robert Hunt, as Guardian ad litem for Ethel C. Rawlings and Benjamin A. Rawlings, husband and wife," instead of "Ethel C. Rawlings and Benjamin A. Rawlings by their Guardian ad litem, Robert Hunt." There can be no doubt of the real positions of the parties, and defendant's contention is a quibble.

The principal question is whether there is sufficient proof to sustain the judgment. As is proper after the judgment for plaintiffs, the evidence will be viewed in the light most favorable to them. Plaintiff, wife, was an 82-year-old Klamath Indian. Her husband was just under 70 years of age. The real property in question was plaintiffs' home which was in the name of the wife alone. Defendant was a real estate broker.

There is more than adequate evidence for the trial judge to find that plaintiffs were incompetent at the time of the purchase of the property in question by defendant and that defendant was aware of and took advantage of plaintiffs' condition to their detriment. Plaintiff, husband, was an alcoholic who virtually lived on wine for considerable periods of time and, as a result, could not take care of himself because of both mental and physical disability. His wife was crippled and walked with a cane because of a previous-

ly broken hip. She drank with him, and, in addition, took Demerol, the combination of which was disastrous for her. She also became unable to take care of herself because of both mental and physical disability. They had deteriorated to the point where their living condition was almost indescribable.

Because of their plight they were ultimately taken to a rest home, where defendant called upon them and purchased the property from them. There were several witnesses who testified to plaintiffs' incompetence at this time, the most important being the manager of the rest home who, at the time of trial, had no possible interest in the outcome of the action because plaintiffs were no longer living at that home.

The property in question was purchased by defendant from plaintiffs in 1970 for the sum of $7,000. There was expert testimony which justified the trial court's finding that the actual value of the property was $12,000. There also was evidence from which it could be found that defendant knew he was purchasing the property for less than its value and that he was aware of plaintiffs' incompetent condition. He had been on intimate terms with plaintiffs for a considerable period of time.

■■ Defendant contends there was no evidence of fraud because there was no evidence that he occupied a position of trust and confidence with plaintiffs relative to business matters or that he misrepresented to plaintiffs the value of that which he purchased. He also contends that if plaintiffs were incompetent they may only rescind the contract and may not affirm and sue for damages. It is irrelevant to a judgment

for plaintiffs whether or not a position of trust and confidence existed. Neither is it necessary in order for plaintiffs to recover that defendant misrepresented to plaintiffs the value of the property which he purchased.

■ Where one obtains property by a contract made with a person he knows to be incompetent and knowingly takes advantage of such incompetency to his own advantage and to the detriment of the incompetent, such action constitutes fraud and will warrant either rescission or an action for damages upon behalf of the incompetent. The following cases substantiate such a rule: *Baird v. Howard,* 51 Ohio St 57, 36 NE 732, 733-34 (1894); *Casson v. Schoenfeld,* 166 Wis 401, 166 NW 23, 24-25 (1910) (reversed on other grounds). Also see Am Jur 2d 636, Incompetent Persons § 97.

■ Defendant also claims there is no basis for punitive damages because there is no evidence defendant knew of plaintiffs' incompetency. To the contrary, there is ample evidence from which it could be found that he was well aware of plaintiffs' condition.

The judgment of the trial court is affirmed.