## No. 27736

**Rudy Zehnder v. The Thirteenth Judicial District Court in and for the County of Washington, State of Colorado, and The Honorable Earl A. Wolvington, as District Judge**

(568 P.2d 457)

Decided August 29, 1977.                    Rehearing denied September 19, 1977.

Marranzino, Tinkler & Carwin, for petitioner.

Vandemoer & Reichelt, P.C., for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding in which we issued a rule to show cause. The matter is now at issue, and we make the rule absolute.

The petitioner was a defendant in a civil action tried by the respondent court on February 9 and 10, 1977. At the conclusion of the trial the respondent judge took the matter under advisement, and on March 2nd entered findings, conclusions and judgment in favor of the plaintiff and against the petitioner. The following is from the petition filed here:

"The petitioner's attorneys received the Court's ruling on March 7, 1977. By reason of the late receipt of said ruling, the petitioner had only until March 11 in which to prepare any motions for review of the Court's decision, due to the fact that under Colorado Rules of Civil Procedure, any motion for review would have been due on March 14, a Monday, and would have to have been mailed no later than March 11, 1977.

"Petitioner's attorneys attempted to contact Judge Wolvington in order to obtain an extension of time for the filing of motions, but due to the severe winter storm in Eastern Colorado, the courts were closed.

"Petitioner's attorneys hastily prepared a Motion to Alter or Amend Judgment, or for New Trial and mailed same on March 11, 1977. . . .

"On April 11, 1977, Judge Wolvington denied petitioner's Motion to Alter or Amend Judgment, or for New Trial on the grounds that no memorandum brief was filed with the petitioner's Motion.

"Petitioner's attorneys received the Court's ruling on April 12, 1977 . . . and immediately contacted Judge Wolvington, who then agreed to reconsider his ruling, because of the extenuating circumstances, and requested that petitioner file a Motion to set aside his ruling and have his Motion to Alter or Amend Judgment, or for New Trial heard on the merits, and to file the memorandum brief which was inadvertently not filed.

"Petitioner filed the motion and brief required by Judge Wolvington . . . and the matter was set for hearing on June 1, 1977.

"On June 1, 1977, Judge Wolvington denied petitioner's Motion to Set Aside, and refused to hear petitioner's Motion to Alter or Amend Judgment, or for New Trial on its merits." (Paragraph numbers omitted).

We learn from the answer brief of the attorneys for the respondents that the motion to set aside was denied on the ground that the trial judge was without jurisdiction to vacate an order denying a motion for

new trial. It appears to be the law that, when a motion for new trial is denied on its merits, the court does not have jurisdiction to vacate the denial. *People ex rel. Long v. District Court*, 28 Colo. 161, 63 P. 321 (1900). We realize that it has become rather common practice to enter an order denying the motion when the court refuses to consider a motion for new trial by reason of failure to file the memorandum brief required by C.R.C.P. 59(a). *See, e.g., West-Fir Studs, Inc. v. Anlauf Lumber Co.*, 190 Colo. 298, 546 P.2d 487 (1976). However, the action of the court rather should be characterized as an order striking the motion for new trial by reason of non-compliance with the Rule. We hold that such an order does not deprive the court of jurisdiction to reconsider. We therefore direct the respondent court to reconsider the order "denying" the motion for new trial.

Our ruling does not mean that the respondent court, after consideration of the motion to set aside, cannot adhere to its order, which in effect struck the motion for new trial. That is within the court's discretion. *West-Fir Studs, Inc. v. Anlauf Lumber Co., supra.* The petitioner made no attempt to file a memorandum brief, or to obtain an extension of time for filing the same, prior to the respondent judge's order of April 11, 1977.

Following judgment, the petitioner's motion was to "alter or amend judgment . . . or, in the alternative, grant a new trial." Petitioner contends that, since C.R.C.P. 59(e) relating to a motion to alter or amend judgment does not mention a memorandum brief, such a motion may be filed without a brief. The petitioner overlooks the statement in C.R.C.P. 59(f) that "if a motion to alter or amend the judgment is filed it shall, for appellate purpose, be considered as a motion for a new trial." The Rule requiring a short memorandum brief to be filed with a motion for new trial applies equally to a motion to alter or amend the judgment.

We find no merit in the petitioner's argument that its motion to alter or amend judgment, or for new trial, in itself amounted to a memorandum brief.

The rule is made absolute.