## No. C-1746

**Michael E. Tipton v. The City of Lakewood by and on behalf of the People of the State of Colorado**

(595 P.2d 689)

Decided June 4, 1979.

Robert E. Warren, Jr., City Attorney, William J. Brady, Deputy, for respondent.

Michael E. Tipton, pro se.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

Michael Tipton (petitioner) petitioned this court to review his conviction for contempt of court on the basis that his refusal to answer certain questions posed by the Municipal Court of the City of Lakewood was founded on the proper exercise of his rights under the Fifth Amendment. The district court affirmed. We agree with the petitioner and reverse his conviction.

The petitioner appeared in municipal court on February 27, 1978, pursuant to a subpoena issued by that court. He appeared in his capacity as father of a juvenile who was charged with a traffic offense. The municipal code provided that the parent or guardian of a juvenile so charged must appear with the minor in court. The petitioner had failed to appear on three prior occasions. However, he appeared on the date in issue as required, but his son was not present. The court questioned the petitioner regarding his son's absence, and the petitioner responded that the extent of his knowledge was that he had received the subpoena to appear. He expressly refused to answer any questions concerning why his son was not present in court, whether his son had told him that he had received a speeding ticket and why he had not appeared in court on previous occasions.

The petitioner expressed his concern with possible prosecution, requested the court to read him his rights, asked the court whether he had the right to remain silent, and asked for a grant of immunity from subsequent prosecution. The court did not respond to these concerns, but persisted in its attempt to exact an answer from the petitioner concerning the whereabouts of his son. The petitioner maintained his right to refuse to answer, and the court did not inquire further into the petitioner's purpose for remaining silent. Rather, the court found the petitioner in contempt and sentenced him to ten days in jail.

A municipal court has the authority to find a witness or litigant in contempt of court. Section 13-10-112, C.R.S. 1973. *Thrap v. People,* 192 Colo. 341, 558 P.2d 576 (1977). In order to find the petitioner in contempt in this case, the court had to establish that: (1) the witness refused to answer the questions of the court; (2) the refusal was improper; (3) the witness was ordered to answer the question; and (4) the witness continued his refusal to respond. *Smaldone v. People,* 158 Colo.

16, 404 P.2d 276 (1965). The focus in the case *sub judice* is upon the second factor: the trial court's determination that the contemner's refusal to answer was unjustified.

The determination whether or not certain conduct constitutes contempt is within the trial court's sound discretion, and it is not reviewable on appeal absent an abuse of discretion. *Stovall v. Crosby,* 171 Colo. 70, 464 P.2d 868 (1970). However, the invocation of the court's contempt power is an abuse of discretion if it punishes the valid exercise of a constitutional right. *See Thrap, supra.*

The Fifth Amendment can be invoked by anyone whose statements could incriminate him, either by directly admitting the commission of illegal acts or by relating information which would "furnish a link in the chain of evidence needed to prosecute the claimant." *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). The witness need not use a ritualistic formula to invoke the protections of the Fifth Amendment. A lay witness is not expected to have the constitutional cognizance of an attorney, and his claim may be phrased imprecisely so long as it apprises the court that he is invoking his Fifth Amendment rights. *Quinn v. United States,* 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964 (1955).

The privilege can be claimed regardless of the apparently innoucuous nature of the question. *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). As such, the burden lies with him to assert and establish the propriety of the privilege. *Garner, supra; Hoffman, supra.*

The decision whether the privilege is properly invoked is for the trial court, *Hoffman, supra,* but the court must either accept the claim or inquire further into it in order to determine if there is a danger of self-incrimination. *Quinn, supra.* It cannot simply dismiss the privilege without discussion. *Id.* It is axiomatic that the witness must have the opportunity to present the grounds on which he feels his exercise of the Fifth Amendment is properly based. Of course, he need not reveal the essence of the testimony which is protected, but must only raise the possibility that incrimination could result from answering. *People v. Borjas,* 191 Colo. 218, 532 P.2d 26 (1976).

The standard to be utilized by the trial court in determining the propriety of the witness' invoking the Fifth Amendment was set forth by the United States Supreme Court in *Hoffman, supra.* In order to compel a response, it must be *"perfectly clear* from a careful consideration of all the circumstances in the case, that the witness is mistaken and the answers *cannot possibly* have such tendency to incriminate." (Court's emphasis.) The court went on to note that the Fifth Amendment is to be construed liberally to effectuate the right it was intended to secure.

■ Turning to the record in this case, it is evident that the municipal court did not consider the possible validity of the petitioner's invocation of the Fifth Amendment. Under the standards of *Hoffman, supra,* and *Quinn, supra,* the summary finding of contempt without considering the propriety of the contemner's constitutional claim violates the exercise of that right. The court should have pursued the witness' reasons for refusing to answer before finding him in contempt. Because of its failure to do so, the contempt conviction cannot stand.

■ The petitioner further requests that the records relating to his conviction be expunged. Section 24-72-308, C.R.S. 1973 (1978 Supp.), provides that any party in interest can petition the district court to seal the records of a criminal prosecution. This remedy may not be initiated in an appellate court.

The judgment is reversed and cause returned to the district court for remand to the municipal court with directions to dismiss.

MR. JUSTICE ERICKSON does not participate.