**The People of the State of Colorado, Appellant.**

**In the Matter of the Petition of J. B. P. and C. P., Petitioners-Appellees,**

**for the Relinquishment of the Child, T. M. P.**

**No. 79CA0264.**

Colorado Court of Appeals, Div. III.

Feb. 28, 1980.

Patrick R. Mahan, County Atty., Gay B. Ummel, Asst. County Atty., Golden, for appellant.

John Marshall, Golden, for petitioners-appellees.

PIERCE, Judge.

The People appeal a judgment entered against the Jefferson County Department of Social Services, denying a motion for relief from judgment. We affirm.

On October 12, 1978, parents J.B.P. and C.P. filed a petition pursuant to § 19–4–101, et seq., C.R.S.1973 (1978 Cum.Supp.), to relinquish all of their rights and obligations with respect to their child, T.M.P. A hearing was conducted, the petition was granted, and a final order of relinquishment was entered, all on October 12, 1978.

On October 26, the parents filed a motion for relief from judgment, or, in the alternative, a motion for new trial pursuant to C.R.C.P. 59, claiming they had not understood the true nature of relinquishment. A hearing on the motion was held on November 6, at which time the trial court granted the motion and vacated the final order of relinquishment. The trial court's decision was based on findings that both parents were developmentally disabled, and that although a conscientious and sincere effort had been previously made to insure that they fully understood the consequences of relinquishment of parental rights, it would be in the best interest of justice to vacate the order.

On November 16, the Director of the Jefferson County Department of Social Services moved for relief from judgment or for new trial on two jurisdictional grounds. This motion was denied by the trial court.

On appeal, the People first contend that the trial court lacked jurisdiction to consider the motion of the parents for relief from judgment or for new trial because the motion was not filed within the 10 day time limit set forth in C.R.J.P. 20 and 21. We disagree.

C.R.J.P. 20 states:

"(a) A motion for new trial or rehearing shall be in writing and shall be made within ten days of entry of the order or decree unless time is enlarged by the court. It shall state the particulars in which the order or decree is in error and the grounds for such motion.

"(b) If the child and parent are not represented by counsel, the court shall specifically inform them of this Rule at the time of entry of the order or decree."

■ A review of the transcript of the hearing on the petition of relinquishment and of the court's final order of relinquishment reveals that the court did not comply with C.R.J.P. 20(b) by informing the parents, who were not represented by counsel, of the provisions of this rule. As a result, C.R.J.P. 20 is inapplicable to the parents' motion for new trial.

C.R.J.P. 1 states that juvenile proceedings, "where not governed by these rules or the procedures set forth in Title 19, C.R.S. 1973, as amended, shall be conducted according to Colorado Rules of Civil Procedure." Accordingly, because C.R.J.P. 20 cannot be applied in this case, the motion for new trial is governed by C.R.C.P. 59, which allows such a motion to be filed not later than 15 days after the entry of judgment. The parents' motion was thus timely filed, and the trial court had jurisdiction over this matter.

■ We also reject the People's contention that even if the trial court did have jurisdiction over this matter, there is no evidence to support the court's findings of mistake and excusable neglect on the part of the parents or its findings that the parents were developmentally disabled, mentally retarded, and that they did not understand the finality of relinquishment.

■ It is the responsibility of the trier of fact to determine the credibility of all the witnesses, and the sufficiency, probative effect, and weight of the evidence. That determination will not be disturbed on review unless the findings of the trier of fact are manifestly erroneous. *Deas v. Cronin*, 190 Colo. 177, 544 P.2d 991 (1976). Our review of the record reveals sufficient evidence to support the trial court's determination, and it will not, therefore, be disturbed on appeal.

Finally, the People contend that even if the findings of the trial court are supported by the evidence, the trial court erred by reversing the final order of relinquishment on grounds other than those specifically delineated by the Colorado Supreme Court. We disagree.

In its order denying the motion of the Director, the court specifically noted its consideration of *Smith v. Department of Welfare*, 144 Colo. 103, 355 P.2d 317 (1960), in arriving at its decision.

In *Smith*, the Supreme Court stated: "[O]nce the order for relinquishment has been granted it cannot be reversed except where the court lacks jurisdiction or when consent of the parents is obtained through fraud, overreaching, or duress."

In evaluating the People's contention that the trial court's decision does not meet the requirements set forth in *Smith*, we note that, in that case, the child had been adopted for some months prior to the attack on the relinquishment decree, and the court stated that:

"Policy dictates that persons assuming the role and responsibilities of adoptive parents be assured that in doing so they are not adopting a law suit in the bargain."

■ Here, the People concede that T.M.P. has not yet been placed for adoption, and therefore the policy issue upon which the Supreme Court's decision in *Smith* was based is not present. Also, the trial court has found, and we have affirmed, that mistake and misunderstanding, which were absent in *Smith*, are present in this case.

Under these circumstances, we hold that the trial court did not err in setting aside the final order of relinquishment where the parents' consent was invalidated by their misunderstanding of the import and consequences of what they were doing, and where, therefore, the "voluntary" relinquishment required by § 19–4–101(1)(b), C.R.S.1973, was lacking.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.