Richard GRIFFIN, Plaintiff-Appellant,

v.

WESTERN REALTY SALES CORPORATION, a Colorado corporation, Arapahoe Meadows Corporation, and Brian Vogel, an Individual, Defendants-Appellees.

No. 82CA0712.

Colorado Court of Appeals,
Div. II.

April 28, 1983.

Philip A. Klein, Denver, for plaintiff-appellant.

James C. Wollrab, Jr., Boulder, for defendant-appellee Brian Vogel.

SMITH, Judge.

Plaintiff, Richard Griffin, seeks to overturn an order of the trial court wherein Brian Vogel was found not to be in contempt of court and was excused from answering certain questions and producing certain documents. We affirm in part, reverse in part, and remand for further proceedings.

In August of 1981, Griffin obtained a judgment against Vogel, and, pursuant to C.R.C.P. 69(d), attempted to conduct a debtor's examination of Vogel. Vogel refused to answer any questions or produce any documents concerning his income and assets for the years 1973 through 1980, inclusive. As a basis for his refusal, Vogel asserted his Fifth Amendment right against self-incrimination. He averred, through his attorney, that he had not filed income tax returns for the years in question, and that the information sought by Griffin could be used against him in a prosecution for tax evasion.

Pursuant to C.R.C.P. 107(c), Griffin sought to have Vogel found in contempt for his failure to respond to the C.R.C.P. 69(d) questions and for failure to produce documents ordered pursuant to that rule. After a hearing, the trial court dismissed the contempt citation, finding that Vogel had prop-

erly invoked his Fifth Amendment right against self-incrimination when he refused to answer questions concerning his assets and sources of income, and that he was justified, under the same theory, in refusing to produce the documents which had been previously ordered.

## I.

On appeal, Griffin argues Vogel's assertion of his Fifth Amendment right was insufficient to justify his refusal to answer certain questions. We disagree.

■ Colorado has long recognized that the protection against self-incrimination operates to protect against testimonial compulsion in proceedings other than criminal trials. *Keener v. People,* 194 Colo. 244, 572 P.2d 463 (1977) (J. Erickson concurring); *see Early v. People,* 142 Colo. 462, 352 P.2d 112 (1960), *cert. denied,* 364 U.S. 847, 81 S.Ct. 90, 5 L.Ed.2d 70 (1960); *People v. Schneider,* 133 Colo. 173, 292 P.2d 982 (1956); *People v. McPhail,* 118 Colo. 478, 197 P.2d 315 (1948). This protection has been specifically applied in post judgment proceedings against debtors. *Sweeny v. Cregan,* 89 Colo. 94, 299 P. 1058 (1931) (supplemental proceeding on unsatisfied judgment under Code of Civil Procedure, 1921).

■ The protections of the Fifth Amendment can be invoked by anyone whose statements or answers to questions could incriminate him, either by directly admitting the commission of illegal acts, or by relating information which would "furnish a link in the chain of evidence needed to prosecute the claimant" for such acts. *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *Tipton v. Lakewood,* 198 Colo. 18, 595 P.2d 689 (1979). The witness need not follow any ritualistic formula to invoke the right, and his claim may be phrased imprecisely so long as it apprises the court that he is invoking his Fifth Amendment right. *Quinn v. United States,* 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964 (1955); *Tipton v. Lakewood, supra.*

■ A privilege can be claimed as to any question, but the burden lies with the person claiming it to establish the propriety or applicability of the privilege. *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); *Tipton v. Lakewood, supra.*

■ Initially, the decision of whether the privilege is properly invoked is one for the trial court. *Hoffman v. United States, supra; Tipton v. Lakewood, supra.* The witness need not reveal the essence of the testimony which is protected, but must only disclose enough to raise the *possibility* that incrimination could result from answering. *People v. Borjas,* 191 Colo. 218, 552 P.2d 26 (1976); *Tipton v. Lakewood, supra.*

■ In order for the trial court to be justified in compelling a response, it must be clear from a careful consideration of all the circumstances in the case, that the witness is mistaken as to the possible effects of his answers, "and [that] the answers cannot *possibly* have such tendency to incriminate." *Hoffman v. United States, supra* (emphasis supplied); *Tipton v. Lakewood, supra; Sweeny v. Cregan, supra.*

■ A review of the record in this case reveals that Vogel appeared without counsel at the original C.R.C.P. 69(d) hearing. He was sworn, but refused to answer any questions concerning his assets or income, relying on his Fifth Amendment right in doing so. No explanation was given at this time as to how his answers might tend to incriminate him. At the C.R.C.P. 106 contempt hearing, Vogel appeared with counsel. His counsel explained to the court that Vogel had not filed any income tax returns since 1973, and that, therefore, answers to questions could be used, not only as a lead to discoverable evidence by the government in a tax evasion suit, but could also be used as direct evidence against him. Vogel did agree, however, to answer questions concerning assets and income acquired during 1981, as he was not yet required to file his return for that year at the time of the contempt proceeding. Subsequently, Vogel was sworn and answered some questions and refused to answer others.

Under these circumstances, we find no error in the trial court's determination that Vogel had established the possibility of incrimination if he were compelled to answer the questions posed. We therefore conclude that the court did not abuse its discretion in dismissing the contempt charge.

## II.

Griffin also asserts the trial court erred in not requiring Vogel to produce certain documents. We agree in part.

The C.R.C.P. 69(d) citation commanded Vogel to produce, *inter alia,* copies of any automobile titles, tax returns, savings passbooks, and deeds to real estate.

██ We note that at least some of these documents are documents already in the *public domain, or are a matter of public* record. Automobile titles and recorded deeds to real estate fall within the public record classification. As to these, there is clearly no Fifth Amendment privilege. *Amato v. Porter,* 157 F.2d 719 (10th Cir. 1946), *cert. denied,* 329 U.S. 812, 67 S.Ct. 635, 91 L.Ed. 693 (1946). As to tax returns already filed, the United States Supreme Court has recently held that financial disclosures made by individuals on federal income tax returns are not compelled incrimination under the Fifth Amendment and that any individual who fails to claim a privilege when filing will be deemed to have waived the right thereafter to assert such privilege as to disclosures contained therein. *Garner v. U.S.,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1975).

The Colorado Supreme Court has held that state tax returns are in the public domain and are subject, upon showing of compelling need, to subpoena from the Department of Revenue. *Losavio v. Robb,* 195 Colo. 533, 579 P.2d 1152 (1978). *See also A v. District Court,* 191 Colo. 10, 550 P.2d 315 (1976).

Here, we are at a loss to understand how Vogel could incriminate himself by the production of copies of his tax returns. Such returns would contain nothing more than voluntary statements Vogel has *already*

given to the respective taxing agencies of government. On the other hand, if he has filed no returns then he has none to produce.

As to Vogel's balance sheets, accounts receivable ledgers, bank records, and savings account pass books, we feel that the same requirements as set forth in Part I above must be met before Vogel can properly invoke the privilege against self-incrimination and avoid their production.

██ The judgment is affirmed insofar as it pertains to defendant's refusal to testify and is reversed as it pertains to his refusal to produce documents, and the cause is remanded to the trial court for further proceedings consistent with this opinion. In such proceedings Vogel should produce those documents we have determined are within the public domain, as well as such tax returns he may have filed, and the court shall determine whether the remaining documents may be withheld as part of a valid exercise of his Fifth Amendment right.

PIERCE and TURSI, JJ., concur.