**WRIGHT FARMS, INC. d/b/a Wright Equipment, Plaintiff-Appellee,**

v.

**Roman WENINGER, Defendant-Appellant.**

No. 82CA0933.

Colorado Court of Appeals, Div. III.

Aug. 4, 1983.

Paynter & Hoyer, P.C., Kevin L. Hoyer, Akron, for plaintiff-appellee.

Roman G. Weninger, pro se.

KELLY, Judge.

In this contract action brought to recover the cost of goods sold, defendant, Roman Weninger, *pro se,* appeals from a judgment entered in favor of plaintiff, Wright Farms, Inc. Defendant contends that the trial court's factual finding as to the agreed upon price of the goods was erroneous. We affirm.

### I.

Plaintiff argues that the notice of appeal was untimely, and that this court lacks jurisdiction to consider the merits of defendant's appeal. We disagree.

Following a trial to the court, the court made findings of fact and entered judgment on December 14, 1981, in favor of plaintiff in the amount of $32,819. Defendant filed a motion for new trial on December 28, 1981. In response to that motion, the trial court reopened the judgment for taking of limited additional testimony. On March 25, 1982, the trial court vacated its original judgment and entered an amended judgment for plaintiff conforming to amended findings of fact, in the amount of $32,488. Defendant then filed a motion for new trial directed to the amended judgment. The trial court's order denying that motion was mailed to the parties on May 7, 1982.

On June 4, 1982, defendant filed a "Motion for New Trial Pursuant to Rule 59; And Relief From Judgment Pursuant to Rule 60 C.R.C.P.," in which he requested a new trial based upon newly discovered evidence. That motion was denied on June 24, 1982. Defendant's notice of appeal was filed on July 19, 1982.

Unless the time is extended by the trial court, a notice of appeal must generally be filed within 30 days of the entry of the judgment or order appealed from. The running of the time for filing the notice is terminated upon the timely filing of a motion for new trial under C.R.C.P. 59, and the time begins to run anew when that motion is denied. C.A.R. 4(a); *In re Marriage of Everhart,* 636 P.2d 1321 (Colo.App.1981). A subsequent motion for new trial that raises issues that either were or could have been raised in the movant's prior motion does not affect the running of the time for filing the notice of appeal. *See In re Marriage of Everhart, supra; Kindig v. Kindig,* 536 P.2d 320 (Colo.App.1975) (not selected for official publication); *see also Zehnder v. Thirteenth Judicial District Court,* 193 Colo. 502, 568 P.2d 457 (1977).

Here, the running of the time for filing the notice of appeal was terminated when defendant filed his second motion for new trial directed to the court's amended judgment. The 30-day time period for filing the notice of appeal began to run anew when that motion was denied on May 7, 1982. Defendant then filed his third motion for new trial. Defendant's third motion alleged the existence of newly discovered evidence; the motion was timely under C.R.C.P. 59(b) and was filed while the 30-day time period for appeal was still running. Thus, the filing of that motion again terminated the running of the time for filing under C.A.R. 4(a). *Cf. Kindig v. Kindig, supra.* And, since defendant's notice of appeal was filed within 30 days of the denial of that motion, the notice was timely.

## II.

The substance of defendant's argument on this appeal is that the trial court erred in failing to find that defendant's evidence concerning the agreed upon cost of six drills, exclusive of freight, set-up, and taxes, was more probative than that of plaintiff. This contention is without merit.

It is the responsibility of the trier of fact to determine the credibility of the witnesses, the weight, probative effect and sufficiency of the evidence. *People in re Petition of J.B.P.,* 44 Colo.App. 95, 608 P.2d 847 (1980). Hence, the factual findings of the trial court will be accepted on review unless they are clearly erroneous and not supported by the record. C.R.C.P. 52(a); *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). Our review of the record here reveals sufficient evidence to support the trial court's determination, and it will not therefore be disturbed.

Plaintiff's request for damages under C.A.R. 38 is denied.

Judgment affirmed.

BERMAN and TURSI, JJ., concur.