**In re the MARRIAGE OF Erika W. HOYT, Appellee,**

**and**

**Jon R. Hoyt, Appellant.**

**No. 85CA0722.**

Colorado Court of Appeals, Div. I.

April 9, 1987.

Rehearing Denied May 14, 1987.

Certiorari Denied Sept. 14, 1987.

Gregory W. Dallas, Denver, for appellee.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

**964**

Michael B. Tully, Lakewood, for appellant.

TURSI, Judge.

Jon R. Hoyt (Hoyt) appeals a trial court order finding him in contempt for violating its order to pay child support. He asserts the trial court erred (1) by finding him in contempt since his inability to obtain employment resulted from his sincerely held religious belief, (2) by allowing petitioner to call him as a witness when the court knew he intended to assert his Fifth Amendment privilege, and (3) by denying his request for continuance. We affirm.

The Hoyts' marriage was dissolved and permanent orders were entered on September 7, 1984. The permanent orders require Hoyt to pay $375 per month in child support. It is uncontested that Hoyt failed to comply with the trial court's order. The court issued a citation to show cause why he should not be punished for contempt. After a hearing, the trial court found him in contempt and sentenced him to six months imprisonment.

I

Hoyt asserts the trial court abused its discretion in finding him in contempt since his inability to obtain employment and pay child support resulted from his sincerely held religious belief. We disagree.

Hoyt has refused to disclose his social security number to certain potential employers, thereby severely limiting his employment opportunities. He did not have a steady income, and did not pay the court ordered child support. Hoyt contends his refusal to disclose his social security number is based on his sincerely held religious belief that social security numbers are the biblical "mark of the beast" as described in the book of *Revelations*, Chapter 13. He claims the free exercise clause of the First Amendment protects his religious belief from penalization by government action.

The trial court found Hoyt's refusal to disclose his social security number was based on his secular beliefs stemming from his political principles and his involvement with the National Commodity Barter Asso-

ciation. Therefore, it concluded that his conduct showed he willfully chose not to comply with the trial court's order to pay child support and found him in contempt of court.

To merit the protection of the free exercise clause, Hoyt's religious claim must satisfy two basic criteria. First, the "mark of the beast" belief must be sincerely held. Second, it must be rooted in religious beliefs and not in purely secular philosophical concerns. *Callahan v. Woods*, 658 F.2d 679 (9th Cir.1981).

■ Although a court may not determine whether a given belief is or is not a religion, the trier of fact may determine whether the belief is sincerely held as a religious belief without violating the First Amendment. *United States v. Daly*, 756 F.2d 1076 (5th Cir.1985).

■ Here, the only evidence that Hoyt's belief was sincere was his testimony. Also in evidence was his membership in the secular, tax protest organization, the National Commodity Barter Association. One purpose of that organization is to fight social security taxes. On this record, the trial court determined Hoyt's testimony was not credible and ruled he acted on his secular beliefs.

It is the responsibility of the trial court as the trier of fact to determine the credibility of the witness and the sufficiency, probative effect, and weight of the evidence. That determination will not be disturbed on review unless the findings of the trial court are manifestly erroneous. *Deas v. Cronin*, 190 Colo. 177, 544 P.2d 991 (1976); *People in re Petition of J.B.P.*, 44 Colo.App. 95, 608 P.2d 847 (1980). No such error is manifest here.

Since the trial court determined Hoyt's objection to social security numbers had nothing to do with the religious reasons offered but was a fictitious cover for his secular concern, the trial court properly found him to be insincere and was obliged to hold that his claims were entitled to no special privilege. *Callahan v. Woods, supra*.

## II

Hoyt also asserts the trial court erred in allowing Mrs. Hoyt to call him as a witness when he had made it known to the court he intended to assert his Fifth Amendment privilege. We disagree.

At the time of this hearing Hoyt was under criminal investigation by the Internal Revenue Service regarding his participation in the National Commodity Barter Association, and he is correct in his contention that his Fifth Amendment right against self-incrimination operates to protect against testimonial compulsion in this civil proceeding as it would in a criminal proceeding. *Griffin v. Western Realty Sales Corp.,* 665 P.2d 1031 (Colo.App.1983).

However, the Fifth Amendment privilege recognized in *Griffin* does not extend to protection from being called as a witness. A party in a civil proceeding may be called for testimony even if he will be claiming the privilege. *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); *Asplin v. Mueller,* 687 P.2d 1329 (Colo.App.1984). Thus, the trial court did not err in allowing Hoyt to be called as a witness.

## III

Hoyt also asserts the trial court erred in not continuing the contempt hearing pending final resolution of a lawsuit collaterally attacking the judgment in which the child support was awarded. We disagree.

The trial court ruled the pending lawsuit did not stay execution or enforcement of the permanent order to pay child support. Since the pending lawsuit had no affect on the existing court order, there was no good cause to continue the contempt hearing. Denial of a motion for continuance is within the discretion of the trial court and will not be set aside on appeal unless there is an abuse of that discretion. *People In the Interest of V.A.E.Y.H.D, 199 Colo. 148, 605 P.2d 916 (1980). No such abuse is present here.*

We have considered and reject Hoyt's remaining argument.

Order affirmed.

PIERCE and CRISWELL, JJ., concur.