The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

John H. CHAMBERS,
Defendant–Appellant.

Nos. 85CA0336, 85CA1629.

Colorado Court of Appeals,
Div. III.

Aug. 27, 1987.

Rehearing Denied Sept. 24, 1987.

Certiorari Denied Feb. 8, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Claire Levy, Jonathan S. Willett, Deputy State Public Defenders, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, John Chambers, appeals the judgment of conviction of, and sentence imposed for, aggravated robbery, a crime of violence, and habitual offender. He argues that the district court erred in ruling that he could not introduce certain testimony and that his sentence to a definite term of 37 years is illegal. He also asserts that the court erred in denying his post-trial Crim.P. 35(c) motion. We affirm the judgment and sentence, as well as the order denying his post-trial motion.

### I.

Defendant claims that the trial court improperly allowed a witness to refuse to testify because of possible self-incrimination and, then, improperly excluded an out-of-court statement against penal interest made by this witness. We disagree.

Our review of this record discloses no basis for overturning the trial court's determination that the testimony sought to be elicited might tend to incriminate the witness. *See Tipton v. Lakewood*, 198 Colo. 18, 595 P.2d 689 (1979).

Likewise, in view of the policy of CRE 804 to exclude hearsay statements against penal interests when those statements are offered to exculpate an accused, unless circumstances clearly indicate their reliability, *People v. Nyberg*, 711 P.2d 719 (Colo.App. 1985), we find no abuse of discretion in the trial court's exclusion of the statement of the witness offered here.

## II.

■ Defendant contends that the definite sentence of 37 years imposed by the trial court under the "little" habitual criminal statute, § 16–13–101(1), C.R.S. (1986 Repl.Vol. 8A), was illegal. He argues that that statute requires the imposition of an indefinite sentence for a term of not less than 25, nor more than 50, years. We reject this argument.

Prior to 1979, the general sentencing statute, § 16–11–304, C.R.S. (1978 Repl. Vol. 8), did not authorize a sentencing court to impose a definite sentence upon any convicted felon. The parties agree that, at that time, application of the provisions of § 16–13–101 required the imposition of an enhanced indefinite sentence within the sentencing range set forth in that statute.

In 1979, however, the general sentencing statute was amended, Colo.Sess.Laws 1979, ch. 157, § 16–11–304 at 665, so as to require a person convicted of any felony (with specified exceptions) to be sentenced to a "definite term of imprisonment" not longer than the term set forth in § 18–1–105, C.R.S., for the class of felony involved. Section 18–1–105(1)(c) continued to provide that:

> "Nothing in this section shall limit the authority granted [in § 16–13–101] to increase sentences for habitual criminals." Colo.Sess.Laws 1979, ch. 157, § 18–1–105(1)(c) at 669.

Defendant argues that none of these 1979 statutory amendments caused a change in the prior sentencing procedures under the "little" habitual criminal statute. Indeed, he says that the language quoted above demonstrates a legislative intent to preserve those prior procedures. We disagree.

The provisions of § 16–13–101(1) do not, themselves, dictate the imposition of a sentence having either a definite or an indefinite term; they merely establish an increased range within which any sentence, whether definite or indefinite, must be imposed. Rather, it is the general sentencing statute that mandates either a definite or an indefinite sentencing system. Prior to 1979, the provisions of the general sentencing statute, § 16–11–304, did not provide for the imposition of a definite sentence for any felony. Thus, the "increase" in such a sentence under § 16–13–101 necessarily required the enhancement of an indefinite sentence.

When § 16–11–304 was amended to adopt a definite sentence system, however, there was no longer any statutory provision either requiring or authorizing an indefinite sentence for offenders within the ambit of § 16–13–101(1). The proviso to § 18–1–105, quoted above, unlike a similar proviso relating to sex offenders contained within the same statutory subsection, has no reference to the subject of definite or indefinite sentences. That proviso merely emphasizes that nothing within § 18–1–105, which establishes a range of sentencing for all felonies, was intended to establish such a range for enhanced sentences under the terms of § 16–13–101.

We conclude, therefore, that the requirement in § 16–11–304 for a definite sentence is also a requirement for any increased sentence imposed under § 16–13–101. Thus, the trial court properly imposed a sentence for a definite term of 37 years.

## III.

■ Defendant also claims that the trial court improperly denied his Crim.P. 35(c) motion. We conclude that its order was proper.

Defendant's sentence as an habitual offender under § 16–13–101(1) was based

**986**

upon a jury finding that he had two 1978 felony convictions.

Defendant claims that part of the consideration for his pleas of guilty to the 1978 charges was a promise that his sentence would be served at the state reformatory. However, he contends that these convictions should be set aside because he was not advised at his providency hearing that the executive director of the department of corrections had the authority to transfer him, following evaluation and diagnosis, to any other state institution or treatment facility. *See* § 16–11–308, C.R.S. (1986 Repl. Vol. 8A). We disagree.

While defendant was serving the sentence imposed under the prior convictions, steps were taken to transfer him from the reformatory to the state penitentiary. However, when defendant filed a motion with the court seeking to prohibit this transfer, he was sent, instead, to a community correctional facility, and he withdrew the motion.

These later events confirm that defendant's reason for requesting confinement in the state reformatory was to avoid incarceration in the state penitentiary—a result that, in fact, he did avoid. Thus, irrespective of the authority of the district attorney to enter into such an agreement, *see* § 16–11–308(5), C.R.S. (1986 Repl.Vol. 8A); *People v. Marquez*, 644 P.2d 59 (Colo.App. 1981), since the undisputed facts demonstrate that defendant received the benefit of the bargain made by him, he incurred no harm as a result of the claimed inadequacy of the advisement.

### IV.

We have considered defendant's other claims of error and have concluded that they are meritless.

The trial court's judgment, sentence, and order are affirmed.

KELLY and TURSI, JJ., concur.