The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

John H. CHAMBERS, Defendant–Appellant.

No. 92CA0868.

Colorado Court of Appeals, Div. I.

Nov. 3, 1994.

As Modified on Denial of Rehearing Dec. 15, 1994.

Certiorari Denied July 24, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hilary Holland, Westminster, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, John Chambers, appeals the denial of his Crim.P. 35(c) motion. We affirm.

Defendant was convicted of armed robbery and sentenced as a habitual offender under § 16–13–101, C.R.S. (1986 Repl.Vol. 8A). Thereafter, he filed a *pro se* Crim.P. 35(c) motion, which was denied.

Defendant appealed both that denial and the judgment of conviction; both were affirmed. *People v. Chambers,* 749 P.2d 984 (Colo.App.1987). Defendant then filed the Crim.P. 35(c) motion that is the subject of this appeal, which was denied without a hearing. In an initial appeal from that order, a division of this court reversed and remanded the cause to the trial court with instructions to appoint counsel for defendant and to hold a hearing on the motion. *People v. Chambers,* (Colo.App. No. 88CA1112, September 21, 1989) (not selected for official publication). Counsel was appointed, a hearing was held, and the motion was again denied.

I.

As a threshold issue, the People assert that certain arguments made by defendant should be disregarded either because they do not raise a proper constitutional issue for resolution under Crim.P. 35(c), or because they were raised and passed upon either in defendant's direct appeal or in the proceedings resolving his previous Crim.P. 35(c) motion, or because they were not presented to the trial court.

However, we elect to address the following issues presented by defendant on their merits without considering or resolving the various procedural contentions upon which the People rely.

## II.

Defendant argues that he was denied the effective assistance of counsel. We disagree.

■ In order to obtain relief based on a claim of ineffective assistance of counsel, a defendant must affirmatively prove both that his counsel's performance fell below the standard of professional reasonableness *and* that such performance prejudiced him, *i.e.,* that there is a reasonable probability that, but for such deficient performance, the outcome at trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Davis v. People,* 871 P.2d 769 (Colo.1994). If a defendant fails to prove any prejudice from counsel's performance, the court need not consider whether such performance was deficient. *Strickland v. Washington, supra.*

### A.

Defendant bases his claim of ineffective assistance primarily on his counsel's alleged failure to investigate so as to obtain evidence to support defendant's factual assertions. Defendant's theory at trial was that he and a store employee conspired to stage an apparent armed robbery of the store and that this employee was to have enlisted his co-workers' participation in this scheme. If true, such factual circumstance would mean that, while he was guilty of theft, defendant would not be guilty of robbery.

At trial, the employee identified by defendant as his accomplice denied any association with him. Defendant now argues that his counsel failed to locate witnesses who would have testified that he and the employee were social acquaintances.

■ However, at the Crim.P. 35(c) hearing, defendant failed to produce any evidence as to who these potential witnesses might be, their willingness to testify (or their amenability to process), and the substance, credibility, or admissibility of their testimony. Without some such showing, defendant cannot demonstrate that counsel's failure to investigate resulted in any prejudice to him. Unless such investigation would have discovered substantial evidence which, if introduced, might reasonably have led to a different result, counsel's deficiency, if such it be, was not prejudicial. *United States ex rel. Cross v. DeRobertis,* 811 F.2d 1008 (7th Cir.1987); *Alexander v. McCotter,* 775 F.2d 595 (5th Cir.1985); *see Davis v. People, supra.*

### B.

■ Defendant also claims that the trial court's refusal to grant a continuance denied his counsel the opportunity to prepare for trial. However, his counsel testified at the hearing that he was, in fact, prepared for trial.

### C.

Defendant urges several other grounds for his allegation of ineffective assistance: that counsel raised futile defenses that permitted the prosecution to introduce evidence of other, uncharged misconduct; that counsel failed to request limiting instructions where appropriate; that counsel failed to object to the prosecutor's closing argument; and that counsel failed to object to the jury instruction on the elements of armed robbery. As to these allegations, our examination of the record reveals either that counsel was not guilty of the deficiency asserted or that defendant made no showing of prejudice as required by *Strickland.*

## III.

Defendant next contends that the trial court violated his right to due process of law by allowing the "late" endorsement of a prosecution witness and then denying defendant's request for a continuance. Again, we disagree.

During a recess at trial, the defendant, while in the presence of a deputy sheriff, threatened a prosecution witness. The prosecution promptly informed defense counsel of this event and endorsed the deputy sheriff as a witness. Over objection, the court allowed this "late" endorsement and denied defendant's request for a continuance to prepare to meet this testimony.

■ The decision upon a request for continuance is within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. *People v. Crow,* 789 P.2d 1104 (Colo.1990). A defendant must demonstrate actual prejudice arising from the denial of the continuance before it will be considered as the basis for a reversal of the judgment. *People v. Denton,* 757 P.2d 637 (Colo.App.1988).

■ Similarly, the late endorsement of a witness does not constitute reversible error unless the defendant shows actual prejudice resulting from such endorsement. *People v. Kraemer,* 795 P.2d 1371 (Colo.App.1990).

■ Defendant has not shown how he was prejudiced. At the time of the endorsement, he was available to confer with counsel, and counsel had the opportunity to cross-examine the deputy sheriff. Further, he has not explained how any further investigation on his part could have improved his ability to meet this testimony. Hence, we perceive no abuse of discretion in allowing the endorsement nor in denying the continuance. *See Salazar v. People,* 870 P.2d 1215 (Colo.1994) (late disclosure of scientific test results); *People v. Rodriguez,* 888 P.2d 278 (Colo.App.1994).

### IV.

Defendant further contends that the trial court erred by admitting evidence that he had robbed the same store two weeks prior to the charged robbery and that this error violated some unspecified constitutional right. This contention is meritless.

■ Evidence with respect to events surrounding a crime are admissible to aid the fact finder in understanding the context of the crime, even though such evidence may indicate the commission of other, uncharged, misconduct. *People v. Quintana,* 882 P.2d 1366 (Colo.1994); *People v. Czemerynski,* 786 P.2d 1100 (Colo.1990); *see* E. Imwinkelried, *Uncharged Misconduct Evidence* §§ 6.27 to 6.31 (1994 Cum.Supp.).

■ Here, the employee who defendant asserted was his co-conspirator testified that, when he saw the defendant enter the store, and before defendant gave any indication of his intention to rob the store, the employee slipped out the back door, obtained a gun from a neighboring business, and laid in wait for defendant, whom he accosted and apprehended. The jurors could have concluded that this employee's leaving was indicative of an agreement with defendant. This testimony, therefore, in which the employee was permitted to reveal that he recognized the defendant from the previous robbery, provided to the jurors an explanation of this witness' otherwise unusual conduct.

### V.

■ Defendant lastly asserts that the jury instructions on the elements of habitual criminality were defective. Specifically, he argues that the instructions did not require the jury to determine whether the previous convictions had occurred within ten years of the commission of the current offense or whether those convictions were for felonies. He asserts that these instructional errors denied him the right to due process and that his attorney's failure to object to these instructions denied him the effective assistance of counsel. We disagree.

The jurors found that the defendant committed the armed robbery on January 23, 1984. They also found that defendant had been convicted of two felonies on February 16, 1978. These dates were specified both by the charges and by the jury instructions, and there was no evidence of any other convictions having been suffered by defendant. These findings, therefore, necessarily carry

with them a determination that the prior convictions occurred within ten years of the predicate offense.

Jurors are not required to make any special findings with respect to each element specified by § 16–13–101. *People v. Windsor,* 876 P.2d 55 (Colo.App.1993). Nor are they required to find that the previous offenses are properly classified as felonies; this is a question of law and not one of fact. *People v. Hampton,* 857 P.2d 441 (Colo.App. 1992), *aff'd,* 876 P.2d 1236 (Colo.1994).

The order of the trial court is affirmed.

METZGER and KAPELKE, JJ., concur.