22CA0844 Peo v Whitefield 04-10-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA0844
El Paso County District Court No. 17CR1087
Honorable Lin Billings Vela, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Scott Anthony Whitefield,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 10, 2025

Philip J. Weiser, Attorney General, Claire V. Collins, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Scott Anthony Whitefield, Pro Se

¶ 1     Defendant, Scott Anthony Whitefield, appeals the postconviction court's order denying his Crim. P. 35(c) motion for postconviction relief.  We affirm.

## I.     Background

¶ 2     Whitefield was charged with multiple sexual offenses based on allegations that he sexually assaulted the victim on a couch in the basement of her home.  A jury acquitted Whitefield of a sentence enhancer but otherwise convicted him as charged.  The district court sentenced Whitefield to a controlling indeterminate sentence totaling eighteen years to life in prison.

¶ 3     After voluntarily dismissing his direct appeal, Whitefield timely filed a Crim. P. 35(c) motion raising numerous claims.  The postconviction court appointed counsel to represent Whitefield, and postconviction counsel filed a supplement to Whitefield's pro se motion.  The supplement expounded on Whitefield's claim that trial counsel was ineffective for failing to call his sister as a witness and incorporated his other pro se claims, including, as relevant here, an allegation that counsel also should have called a "sleep specialist psychologist" to testify.

¶ 4 In a written order, the postconviction court denied Whitefield's motion and supplement without a hearing.

## II. Denial of the Crim. P. 35(c) Motion

¶ 5 Whitefield appeals the postconviction court's denial of his Crim. P. 35(c) motion and supplement. While numerous claims were raised in the pleadings below, he appeals only the denial of his claims that counsel was ineffective for failing to subpoena his sister and a sleep psychologist expert to testify at the trial.[1]

### A. Legal Principles and Standard of Review

¶ 6 Upon receipt of a motion for postconviction relief under Crim. P. 35(c), a postconviction court must hold an evidentiary hearing unless "the motion and the files and record of the case show to the satisfaction of the court that the defendant is not entitled to relief." Crim. P. 35(c)(3)(IV). A defendant need not set forth the evidentiary support for their allegations in their initial Crim. P. 35(c) motion; instead, a defendant need only assert facts that, if true, would provide a basis for relief. *White v. Denver Dist. Ct.*, 766 P.2d 632,

---

[1] Any claims raised in the postconviction motions but not reasserted on appeal are deemed abandoned. *People v. Ortega*, 266 P.3d 424, 428 (Colo. App. 2011).

635 (Colo. 1988). Thus, a postconviction court may deny a Crim. P. 35(c) motion without a hearing if (1) the allegations are merely conclusory, vague, or lacking in detail; (2) the allegations, even if true, do not warrant relief; or (3) the record directly refutes the claims. *See* Crim. P. 35(c)(3)(IV); *People v. Duran*, 2015 COA 141, ¶ 9.

¶ 7 We review de novo a postconviction court's ruling denying a Crim. P. 35(c) motion without an evidentiary hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

### B. Ineffective Assistance of Counsel Claims

¶ 8 Defendants have a constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To demonstrate ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Id.* at 687. An ineffective assistance claim fails if the defendant is unable to satisfy either prong. *Id.* at 697.

¶ 9 To establish deficient performance, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo.

2007) (quoting *Strickland*, 466 U.S. at 688). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability means a probability sufficient to undermine confidence in the outcome. *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003).

### 1. Failure to Present Testimony from Whitefield's Sister

¶ 10 In his motion, Whitefield asserted that trial counsel provided ineffective assistance because he failed to present testimony from Whitefield's sister concerning her firsthand knowledge of the "home dynamics," including the condition of the home as a basis for DNA transfer and the bias of the victim's mother against Whitefield.

¶ 11 The postconviction court denied this claim concluding that there was "no reasonable probability that the result of the trial would have been different" had counsel called Whitefield's sister to testify. We agree with the postconviction court's assessment.

¶ 12 First, based on the allegations in Whitefield's postconviction motion, we conclude that the sister's testimony about the condition of the house would have been cumulative of other admitted

evidence. Consequently, Whitefield cannot demonstrate prejudice from defense counsel's decision not to call her as a witness.

¶ 13    One aspect of Whitefield's theory of defense was that the DNA found on the victim (which was not a direct match to Whitefield and could have come from another paternal relative) could have easily transferred to her from another male in the home due to the home's condition. In support of that theory, trial counsel elicited testimony from various witnesses that the victim's baby brother was often changed on the couch on which the offense occurred, and sometimes his dirty diapers leaked; four children in the home wore diapers and sometimes wet the bed; the children urinated on the basement floor and couch; the couch had been moved downstairs because it had urine on it; and the basement toilet had overflowed at some point and the basement carpet was "never really cleaned." Trial counsel also elicited testimony from a DNA transfer expert who explained that urine, even if dried, could transfer from a couch to underwear to a human body and, if not exposed to "environmental insults" or otherwise "washed off," it could last on that surface "indefinitely."

¶ 14    As a general matter, where admissible evidence establishes or supports a particular fact or proposition, counsel's decision to forgo introducing additional (i.e., cumulative) evidence regarding the same subject matter does not prejudice the defense and, therefore, does not constitute ineffective assistance. *See People v. Washington*, 2014 COA 41, ¶ 35.

¶ 15    Whitefield says that the sister's testimony was not cumulative because, on the subject of the home's cleanliness, she was "more informed" and credible than Whitefield's mother, who, at the time of the offense, had been living in the home for five years. But Whitefield did not plead any facts to support that conclusory allegation — he does not say what his sister knew that his mother did not or why, with respect to this particular issue, the jury was likely to believe his sister but not his mother. On appeal, the only testimony he says that his sister could have added is that the victim did not always wear underwear. But considering that the sister's testimony was otherwise cumulative, Whitefield had to explain why the admission of this one additional statement was likely to affect the outcome of the case. *See, e.g., Commonwealth v. Brown*, 196 A.3d 130, 161 (Pa. 2018) (to prevail on ineffective assistance of

6

counsel claim, defendant must show that admission of the additional, non-cumulative evidence would have affected the outcome of the trial). He does not provide any explanation, and we do not think there is a plausible one.

¶ 16    Second, even if the sister would have testified that the victim's mother "held a bias against [Whitefield]" and that she and Whitefield had a falling out a month before the victim's accusation, Whitefield does not explain why that evidence, on its own, was relevant or how its absence prejudiced him. Evidence of bias might be relevant to show a motive to lie or to coach the victim, but Whitefield never alleged that the victim's mother lied about anything or told the victim to do so. On appeal, Whitefield reiterates that the sister's testimony would have "establish[ed] motive," but it is still unclear what the mother had a motive to do or what action she took based on her supposed bias against Whitefield.

¶ 17    Whitefield has the burden to establish that the absence of the sister's testimony prejudiced his defense. *See People v. Sharp*, 2019 COA 133, ¶ 31. Those allegations are lacking. And in our view, testimony that the victim's mother was "biased" or had

"disassociated" from Whitefield would not, on its own, have shed light on Whitefield's guilt or innocence, and therefore it had almost no probative value. Thus, counsel's failure to introduce the testimony could not have prejudiced Whitefield. *See, e.g., People v. Chambers*, 900 P.2d 1249, 1252 (Colo. App. 1994) (counsel's failure to procure a witness is not prejudicial unless it would have led to "substantial evidence which, if introduced, might reasonably have led to a different result").

### 2. Failure to Present Expert Testimony

¶ 18 Next, Whitefield contends that trial counsel was ineffective for failing to present testimony from a "field specific psychologist that specializes in sleep."[2] In his motion, Whitefield alleged that an expert in sleep psychology "would have shown to the jury that there was a preexisting condition of concurring nightmares that caused the initial allegation by the alleged victim." He said that the failure

---

[2] To the extent Whitefield asserts on appeal that trial counsel was ineffective for *failing to investigate* the viability of such an expert, this claim is unpreserved, and we will not address it. *See People v. Cali*, 2020 CO 20, ¶ 34 (appellate court will not consider issues that were not raised before the postconviction court in a motion for postconviction relief).

8

to present such testimony "materially affected the outcome of the trial."

¶ 19    But Whitefield's claim is speculative, at best.  At trial, the victim denied having nightmares before or on the night of the sexual assault.  Instead, she testified that she did not sleep at all that night.  The forensic interviewer confirmed that the victim never described what happened as a "dream."  The victim's mother also testified that the victim did not experience nightmares before "what happened."

¶ 20    Given this evidence, Whitefield's conclusory allegation that testimony from an expert sleep psychologist would have resulted in an acquittal is insufficient to entitle him to a hearing.  *See People v. Aguilar*, 2012 COA 181, ¶ 12 (holding that the defendant was not entitled to a hearing on his "facially speculative" claim that a defense expert could have contradicted the prosecution's evidence); *see also Gilbert v. Paramo*, 754 F. App'x 611, 612 (9th Cir. 2019) (unpublished opinion) ("[F]ailure to call an expert is not deficient where there is no evidence to support a defense.").

¶ 21    Accordingly, with respect to both claims, we conclude that Whitefield has failed to establish the required prejudice from trial

counsel's allegedly deficient conduct and discern no basis to reverse the postconviction court's ruling.

### III. Disposition

¶ 22 The order is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.